Town of Vernon, Appellant, vs. Nicolai, Respondent.

*May 4—June 23, 1905.*

*Ancient highways: Boundary lines: Encroachment: Evidence: In-
junction.*

1. Where a highway has been laid out, worked, and used as such
    under the original survey, and fenced, evidence of surveys
    made nearly sixty years afterwards, stated in the opinion, is
    *held* to be entitled to little weight to establish that the fence
    on one side of the road had not been maintained upon the line
    of the original survey.

2. The laying out of a highway upon the line. of the original survey is a practical construction and adoption of such survey.

3. Where the monuments marking a survey for a highway plainly indicated its lines at the time it was laid out, the lines bounding such highway having been laid with reference to the original survey, with the aid of all monuments then existing and marking out the survey, and fences having been maintained upon these boundary lines for thirty years, these facts constitute a practical location of the right of way upon the lines of the original survey, and long-continued occupation under such location, together with recognition of monuments and boundaries and acquiescence in boundary lines, cannot be overborne by indefinite and uncertain evidence of surveys tending to establish different boundary lines.

4. In such case the evidence, stated in the opinion, is *held* to warrant enjoining an encroachment upon the limits of a highway laid out and surveyed in 1844.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Reversed.*

This action was commenced to restrain respondent from obstructing a highway in the town of *Vernon,* Waukesha county, Wisconsin. Respondent is the owner of a piece of land in section 25 in said town, on the east side of which is a public highway known as Big Bend and Waterford road, which has been used and traveled as such for about fifty years continuously prior to the commencement of this action. Respondent purchased his land in 1881, and has owned and occupied it since. October 24, 1903, claiming that the highway encroached upon his land, he notified the board of supervisors of the town to remove the highway to its proper limits on the east side of his premises. October 31, 1903, the board of supervisors notified respondent that they refused to comply with his application, stating that the highway would be maintained as it was and had been since 1844, and that any encroachment thereon would be dealt with in manner provided by law. November 2, 1903, respondent served another notice, in which he stated that he would give the board until the following Wednesday morning to decide

whether they would move the highway to its proper limits or lay out a new one. No action having been taken by the town as required by respondent's notice, he moved his fence out into the highway about one rod and threatened to continue such obstruction and occupy such portion of the highway so inclosed. A temporary injunction was obtained restraining respondent from interfering with said highway and from placing any obstruction thereon in front of his premises. The claim of the appellant is that the premises in dispute are a portion of the public highway which have been used, worked, and traveled as such for more than fifty years, and public money expended in the construction, repair, and maintenance of the same for ten years and more continuously prior to the commencement of the action, and that such highway is a duly established highway according to law. Respondent contends that the highway in question was duly laid out by authority of the town board in 1844, but that, while the traveled track does not encroach upon his land according to the original survey laying out said highway, the highway as fenced encroaches upon his land to the extent of about one rod, and that the line fence so encroaching upon his land is not upon the line according to the original survey laying out said highway; that said road was laid out and fences built at a time when the land was covered with timber, and in fencing the same no particular attention was paid to the road lines as laid out.

The case was tried by the court, and the court found, among other things, that on the east side of respondent's premises there was existing a highway known as the Big Bend and Waterford road, which had been used as such since 1844, and had been traveled, used, and worked as such since said time, and had been substantially fenced for thirty years as it was at that time; that in 1844, upon petition presented to the commissioners of highways of said town, they being the supervisors, said supervisors caused a survey of the pro-

posed road to be made, and incorporated said survey in an order, and duly laid out the highway in question, and recorded the order so laying out the same, and that the actual existing road along the respondent's east line is, and has been as long as the same has been known or used as a highway, approximately upon the line indicated by the order recorded in 1844, and that the highway laid out pursuant to such order has been substantially used, worked, and opened on the east side of respondent's premises; "that, when said survey was made and said road was laid out and opened in 1844, the country was new and wild, and the fences were put up, as they are always in a new country, without any new survey being made, and the road through it may vary to the extent of a few feet from the line of the original survey, the usage of the highway ever since said time must be referred to the original order; and the court finds in this case no evidence of dedication whatever." The court also found that no attempt was made by the town to have the fence placed on the true line as surveyed for such highway, and that there was simply a passive acquiescence in the fences remaining where they had been placed, and that the use and travel upon the fence lines must be referred to the original survey and order laying out the highway, and that such fences on the east side of respondent's premises encroached upon his land. The court found, as conclusions of law, that the appellant was not entitled to an injunction, for the reasons that the land in question was not within the recorded survey and limits of the highway as laid out, and that there was no dedication of a public highway at the place in question, and ordered the action dismissed. Judgment was entered dismissing the action and for costs against appellant, from which this appeal was taken.

For the appellant there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.*

For the respondent there was a brief by *Lindley Collins,*

attorney, and *D. J. Hemlock,* of counsel, and oral argument by *Mr. Hemlock.*

KERWIN, J.    The principal inquiry in this case is whether the land which the respondent sought to take possession of is in fact a part of the highway or outside of its limits.    It is established that the traveled track is within the limits of the highway as laid out and established in 1844, but it is claimed by respondent that the fence on the west side thereof is about one rod west of the west line of such highway as originally surveyed and laid out, and to that extent encroaches upon his land.    He admits that the highway was lawfully laid out in 1844, and a proper order made and filed as required by law, and that the order is sufficiently definite to comply with the law, and that the traveled track adjacent to his premises, ever since 1844, has been upon such highway as surveyed and laid out; but that in the building of fences on the lines of such highway slight deviations from the actual lines as surveyed were made, and that the fences were not originally constructed, nor since maintained, upon the lines of the original survey, but have deviated a few feet therefrom; that the use of such highway ever since its establishment has been in subordination to the original survey and not adverse to the owners of lands included within the fences as built inclosing said highway and not embraced within the original survey; that no rights have been acquired by the public beyond the limits of the survey of said highway as originally laid out and recorded in the order establishing the same.    In short, the gist of the respondent's argument is that a lawful highway was laid out and recorded in 1844 and used and traveled as such ever since, but that the fences inclosing the same were not constructed upon the lines of the survey but varied in places from the true lines, and on the west side thereof encroach upon his premises a few feet; and that although such fences have been maintained for upwards

of thirty years no right by user or dedication has been ac-
quired, therefore at the time of the commencement of this
action he had a right to move his fence into the highway
upon what he claimed to be the line of the original survey.
On the other hand, the appellant contends that the alleged
highway in question was never legally laid out, that the order
purporting to lay out and establish the same was void for un-
certainty, and that the jurisdictional requirements of the
statute had not been complied with, but that the highway as
fenced, worked, and traveled became a lawful public high-
way by user and dedication.

From the view we have taken of the case it becomes un-
necessary to consider the question of whether there was a
highway by user or dedication within the limits of the fences
inclosing the same.    The court below found that, upon peti-
tion duly made and filed for the laying out of the highway,
the supervisors met and caused a survey of the proposed road
to be made, and incorporated the same in an order signed by
them, and by such order duly laid out a highway as prayed
for in the petition, which order was duly recorded in the
office of the town clerk in December, 1844, and that said pub-
lic highway has been since used, traveled, and worked as
such, and substantially fenced, for thirty years.    The re-
spondent concedes that the highway in question was lawfully
laid out, and ever since has been a lawful highway, but con-
tends that the fence encroaches upon his land, and that, even
though the encroachment has continued for thirty years or
more, still the appellant had acquired no rights by user or
dedication.    We are convinced there was not sufficient evi-
dence to warrant the court below in finding that the fence
was not maintained upon the line of the original survey.
Upon the facts proved it is established that the highway was
located and has always been maintained upon the original
survey, and it is therefore unnecessary to consider whether
the appellant acquired any rights outside of the original sur-

vey by user or dedication. After this highway had been laid out, worked, and used as such under the original survey, and fenced, for at least thirty years, the respondent seeks to establish, by a survey made nearly sixty years afterwards, that the fence on the line adjacent to his property has not been maintained upon the line of the original survey. The survey under which respondent claims is confessedly indefinite and uncertain. Two surveys were made; one surveyor admitting that he could not locate the lines of the original survey. The other, upon whose testimony respondent relies, testified he made his survey on the assumption to keep respondent out of the road; that he was assuming everything; admits that he was uncertain as to lines of original survey; that, if his survey were adopted, one line of the shade trees would be on the road most of the way, and the other line would be in somebody's land; that according to his survey the greater portion of the road would require an entirely new roadbed, and that to move the road from the present traveled track would disjoint things entirely. In view of the undisputed evidence and the findings of the court respecting the use and occupation of the highway from the time it was laid out, and the fact that the traveled track has always been upon the original survey, such evidence is entitled to but little weight. The laying out of the highway nearly sixty years ago upon the original survey was a practical construction and adoption of such survey. The monuments marking out the survey through the forest plainly indicated the lines of the highway at the time it was laid out. The lines bounding such highway were laid with reference to the original survey, with the aid of all monuments then existing and marking out the survey. Fences have been maintained upon these boundary lines for thirty years before respondent attempted to obstruct. These facts constituted a practical location of the right of way upon the lines of the original survey, and the long-continued occupation under such location for nearly

sixty years, together with recognition of monuments or boundaries and acquiescence in boundary lines, cannot be overborne by such indefinite and uncertain evidence of surveyors as appears in the record before us. *Madison v. Mayers,* 97 Wis. 399, 73 N. W. 43; *Nys v. Biemeret,* 44 Wis. 104. From a careful examination of the evidence we are convinced that there is not sufficient evidence to support the findings of the court below to the effect that the acts complained of as ground for the issuing of an injunction were done outside of the limits of the survey of 1844, and we therefore hold that the court below erred in ordering judgment for defendant.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to grant the injunction prayed for in the complaint.