Town of Howard, Appellant, vs. Brunette, Respondent.

*May 25—June 17, 1914.*

*Highways: Location: User: Width.*

1. Findings of the trial court as to the location of a highway and that an excavation made by defendant is not within the limits of the highway as laid out and established, are *held* to have support in the evidence, so that they cannot be disturbed.
2. The doctrine that where a highway is opened and used as such for more than twenty years upon a strip which is of the same width but by mistake does not exactly coincide with the lines

of the laid-out way, the public acquires a right to the strip so used and thereby abandons those portions of the laid-out way not included therein, does not rule this case, the traveled track being within the laid-out highway as claimed by both parties and the dispute being as to whether defendant's excavation is within the highway as laid out and used.

3. The width of the highway in question as laid out not appearing from the record, and its limits not having been definitely marked and being in dispute, it is *held*, upon the evidence, that by adoption and acquiescence of the public it is three rods wide, with the center line as found by the trial court.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff town to restrain the defendant, an owner of land adjoining the highway, from digging an excavation and building a warehouse within the limits of such highway. The principal issue in the case was whether the excavation was within the highway as alleged in paragraph 4 of the complaint. The court below held that it was not and found, among other things:

"That the highway mentioned in the pleadings and known as the Menominee and Green Bay road, was duly laid out by said town of *Howard* in the year 1855, in accordance with a survey and plat thereof made by a surveyor named Royce. That the center line of said highway is as established and located by one August Brauns, a surveyor and a witness for defendant, and is as indicated on his map, Exhibit 26, received in evidence on the trial of this action.

"That the excavation referred to in the pleadings was wholly on the defendant's land and wholly north and outside of said highway, and did not in any way encroach upon or obstruct said highway, or any part thereof, and was not made in or upon said highway. .

"That defendant did not make said excavation with any purpose of constructing a building that would extend into or upon said highway, nor did he threaten or give out that he would construct such a building. That said excavation would not, and did not, nor would the construction of said building, impair in any way the usefulness or width of said highway, or

reduce the width thereof, or render it less convenient for public travel.

"That none of the allegations of the fourth paragraph of the amended complaint are proved or true."

It also appears that proceedings were taken by the board of supervisors of the plaintiff town in 1908 to alter the highway in question so as to carry the road north on the defendant's premises, which alteration would bring the *locus in quo* within the limits of the highway as altered.   These proceedings were held void by the court below for several reasons. The north line of the highway as altered and where it is claimed by the plaintiff to exist would run it through the defendant's blacksmith shop and put his hay scales in the street.

Judgment was entered dismissing the complaint, from which this appeal was taken.

For the appellant there was a brief signed by *Kaftan & Reynolds,* attorneys, and *Sol. P. Huntington,* of counsel, and oral argument by *Mr. R. A. Kaftan* and *Mr. Huntington.*

For the respondent there was a brief by *Greene, Fairchild, North, Parker & McGillan,* and oral argument by *J. R. North.*

KERWIN, J.   Point is made by counsel for appellant that the evidence is undisputed and therefore the findings of the court below are not entitled to the same dignity as if the evidence were in dispute.   We cannot agree with counsel in this contention.   The surveyors who testified on the trial disagree as to the line of the highway in question and the witnesses who testified as to the location do not agree.   There are at least conflicting inferences which may be drawn from the evidence of witnesses, if not direct conflict in their evidence.   The mere fact that the supervisors of the plaintiff town took proceedings to alter the highway so as to carry it farther north and thus include the *locus in quo,* which would not be included without

the alteration, at least raises an inference that the supervisors doubted whether the place of the excavation was in fact within the limits of the highway as laid out and used as such. But aside from that there is direct conflict in the surveys, the Brauns survey placing the highway as claimed by defendant, and the Orbert and Suydam surveys placing the highway as claimed by plaintiff. We shall not review the evidence. We regard it conflicting, or at least conflicting inferences may be drawn from it. It appears from the record that the learned trial judge carefully tried the case and examined the evidence. He says in his opinion:

"While this case involves but a small strip of land, it has presented questions which have caused the court considerable work and study. The controlling question is, Was the excavation made by the defendant within the limits of the highway at the time? The highway in question was laid out in 1855, surveyed and located by a surveyor named Royce. Most of the testimony has been directed to the question, Where was the center line of that highway run by Royce in front of the defendant's premises? A very careful analysis of all the testimony convinces me that the correct location of that line is the one established by Mr. Brauns, and that the *locus in quo* was not within the limits of the highway as established and laid out in 1855."

We think the findings of the learned trial judge have support in the evidence and cannot be disturbed under the repeated decisions of this court.

It is insisted, however, by counsel for appellant that this case is ruled by *Vernon v. Nicolai,* 125 Wis. 319, 103 N. W. 1111; *State v. Lloyd,* 133 Wis. 468, 113 N. W. 964; and other similar cases in this court. We do not think the instant case is ruled by the above cases. True, as held in the cases relied upon by appellant, where a highway is opened and used as such for more than twenty years, which highway by mistake does not exactly coincide with the lines of the road laid out, the public acquires a right to use the particular strip for a

highway and thereby abandons those portions of the laid-out way not included within the strip actually used. But such cases do not rule the case at bar. In the instant case the traveled track is within the highway laid out as claimed by both parties. The only dispute here is as to the location of the north line and how far north said highway extended as used for highway purposes under the claim of respondent. It is disputed, and an issue in the case, whether the *locus in quo* is or is not within the highway as laid out and used. A careful examination of the cases relied upon by appellant, namely, *Vernon v. Nicolai,* 125 Wis. 319, 103 N. W. 1111; *Christianson v. Caldwell,* 152 Wis. 135, 139 N. W. 751; *State v. Lloyd,* 133 Wis. 468, 113 N. W. 964; *Neale v. State,* 138 Wis. 484, 120 N. W. 345; *Olwell v. Travis,* 140 Wis. 547, 123 N. W. 111; *Valentine Blatz B. Co. v. Milwaukee,* 146 Wis. 239, 131 N. W. 416, will show that they are distinguishable from the case at bar.

It does not appear from the record before us how wide the highway was laid out, the center line only being given by the Royce survey. It appears that since the laying out of the road its limits have not been very definitely marked, but the traveled track continued about in the same place. Just where the north and south limits of the road are is more or less in dispute. In the present controversy it seems the plaintiff claims that the road is three rods wide and the defendant that it is four rods wide. We are satisfied that a road three rods wide with the center line as located by the Brauns survey would correspond more closely with the road as actually adopted and used than a four rods wide road. We therefore hold that the road in question is by adoption and acquiescence of the public a three rods wide highway with the center line as placed by the Brauns survey in evidence in this action.

*By the Court.*—The judgment of the court below is affirmed.