Lawe vs. The City of Kaukauna.

LAWE, Respondent, vs. THE CITY OF KAUKAUNA, Appellant.

*November 28 — December 13, 1887.*

*Ejectment: Dedication: Adverse user: Instructions: Evidence.*

1. In ejectment against a city the defendant alleged dedication to the public and adverse user.  The plaintiff claimed that he did not own the premises for many years when the public user and dedication were alleged to have taken place.  *Held*, that an instruction that no one but the owner or his duly authorized agent could dedicate property to the public use, was proper.

Lawe vs. The City of Kaukauna.

2. Evidence that the owner of land had objected to its use as a highway is admissible to show that it had not been dedicated by him to the public use.

3. The question being whether the plaintiff had dedicated certain land to the public use as an approach to and landing for a bridge built by the defendant city, the latter cannot complain of an instruction which gave it the benefit of acts and sayings of the plaintiff tending to show dedication in connection with former bridges somewhat differently located.

4. Ejectment will lie against a city which is occupying plaintiff's land as an approach to and landing for a bridge, and which claims a right to the permanent possession of the land for that purpose.

APPEAL from the Circuit Court for *Outagamie* County.

Ejectment. The principal facts are stated in the opinion. The bridge which was in use at the time this action was commenced was constructed in 1884 and 1885. Previous to its construction the canal had been crossed, since 1854, upon bridges built about 180 feet east of the present bridge, and abutting upon lots 1 and 2 in block 13. To approach any of said bridges it was necessary to cross some part of block 13, but the route used in approaching the present bridge differed somewhat from that used in connection with the former bridges.

There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

*David S. Ordway*, for the appellant.

For the respondent there was a brief by *Pierce & Moeskes*, and oral argument by *Mr. Pierce*.

Orton, J. This is an action of ejectment against the city of Kaukauna to recover lots 7, 8, and 9, in block 13, in said city, which the city occupied and used for the landing of a swing-bridge across the government canal, and in connection with the street or highway leading to the same, and on which said bridge turned. The defense, besides the general issue, is that the plaintiff, as the owner of said lots,

dedicated them to the public use for such purpose, and that they had been used as a highway for over twenty years in connection with other former bridges across said canal. To these last defenses the evidence was addressed, and, to say the least, it was very uncertain and contradictory, and the jury, having found for the plaintiff, must have found these issues in his favor, and we think that the evidence warranted the verdict. We have examined the evidence with great care, and we do not think we would be justified in disturbing the verdict on the merits. The evidence is very voluminous, and much of it quite immaterial and so mixed up, in view of both of these issues, that it is extremely difficult to make application of it. The jury and the learned judge before whom the case was tried were vastly more competent than this court can be to pass upon its general effect. We shall, therefore, consider only the alleged errors in the evidence and instructions, and even they, in the general confusion, are very difficult to clearly understand, or what of these the learned counsel of the appellant are disposed to urge before this court.

1. The first error presented in the brief of the learned counsel is that the court charged the jury, in effect, that no one but the owner or his duly authorized agent could dedicate property to the public use. It is claimed that, although this proposition is abstractly correct, there was no evidence to which it was applicable; the fact that the plaintiff owned the premises being unquestionable. This fact was made an issue by the replication of the plaintiff that he did not own the premises for many years when the public user and dedication thereof were alleged to have taken place, and it was not unquestionable. The title of record was in fact out of the plaintiff for many years, and whether, notwithstanding this, he owned the premises, was a question in the case, and a question of fact for the jury to decide, although in passing upon it the court should instruct the jury as to the law

which should govern them in deciding it. Whether the plaintiff had such an interest in the premises as to be properly and legally called the owner, against the title of record, depended upon many facts and circumstances proper to be considered by the jury, and it is doubtful whether the court would have been justified in withdrawing this issue from them. It was clearly no error, and could have done no harm, to so state the law correctly, upon an issue proper for the jury to pass upon. It is said in the brief of the learned counsel that this instruction was drawn upon the plaintiff's theory of the case, that the plaintiff did not own the premises at the times stated. It was drawn as well upon the defendant's theory that he was the owner, and this was the issue: Was he or was he not the owner? and the instruction was applicable to it. Whether the plaintiff claimed to have an interest in these lots during such time, and whether he had an interest in them in fact, is specially left with the jury in the general charge, and no exception is taken to it. The learned counsel would seem to have been estopped from excepting to the charge given, as asked specially by the plaintiff, that no one but the owner or his agent could dedicate, on the ground that there was no such issue for the jury to try, by not excepting to the charge that there was such an issue for the jury to try.

2. It is objected that the testimony of certain witnesses, and of the plaintiff, that he objected to the use of these lots or any part of block 13 as a highway, was improper. Why improper? These were the issues, — whether the premises had been in the adverse user of the public for over twenty years, and whether the plaintiff had dedicated them to the public use for a highway. Could not the plaintiff prove that he objected to such use and did not *intend* to dedicate? Dedication rests upon *intention*, and cannot the plaintiff testify that he had no such intention? The objection is frivolous. And so with the motion to strike out similar evidence.

3. The only other exception urged by the learned counsel of the appellant, if I understand his brief correctly, is that certain instructions of the court, given at the request of the plaintiff, in respect to the plaintiff's acts of dedication, ought to have been confined to the time after the present draw-bridge was projected. The evidence of the acts and sayings of the plaintiff in respect to the use of these lots in connection with the two old bridges across the canal below and the highway leading to the same, is mixed up and mingled with his acts and sayings in respect to the new swing-bridge, and the instructions ought properly to have embraced them all. The learned counsel of the defendant did not separate so distinctly the two classes of acts as to make it error for the court to instruct the jury generally as to the acts and sayings of the plaintiff in respect to the highway in the past and present. This instruction would seem to be favorable to the defendant. It gave the city the benefit of the plaintiff's acts and sayings of dedication all along for many years, and they were not confined to the time of the building of the present bridge, and embraced the use of the lots with the other two bridges in connection with the highway leading to the same. It may have given the defendant the benefit of more acts and sayings of dedication than it was entitled to; but the defendant cannot complain of that, but the plaintiff might.

It is complained that the court did not give the instruction asked by the defendant, "that ejectment will not lie in this case." The defendant was in possession of parts of lots 7, 8, and 9 for the use of the swing-bridge across the canal, and clearly intended to so occupy and use the same in hostility to the plaintiff's title. Trespass would be an inadequate and vexatious remedy in such a case. The defendant claims the permanent and continued right of possession of the lots for such purpose. Ejectment is the only adequate remedy in such a case. *Lee v. Simpson*, 29 Wis. 333.

There may be other exceptions in the case; but they would seem to be immaterial to the merits and justice of the case, and will be disregarded. The case was very ably and fully tried, and very clearly placed before the jury in the charge of the court, and it is not perceived wherein the jury were in any respect misled, and the verdict appears to have been sustained by the evidence. We can find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.