CUNNINGHAM, Appellant, vs. HENDRICKS and others, Respondents.

*February 9 — March 5, 1895.*

*Highways: Dedication: Estoppel: Evidence: User.*

1. P. sold to A. two lots in a field, and promised him a road to them if he would fence it, but stated that he would not give a road to the public. A. fenced a road to the lots, and beyond, so that it opened into another road, and thereafter there was considerable public travel over the road so fenced. P. lived at a distance, and did not know what had been done until several months later. He then directed his tenant to fence up the road, but this was not done, and travel over it continued. A year later the town officers debated as to whether the road was a highway, and some public labor was expended on it. P. knew there was travel over the road, and did not stop it. Four years later he sold the land to C., who at once warned the public not to travel there. *Held,* that these facts did not show any intention to dedicate a highway, and did not establish a dedication on the principle of estoppel.

2. There having been no intention to dedicate, the public got no rights by a user of less than ten years duration under sec. 1294, R. S.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

This is an action for damages for trespass upon lands. The acts claimed to be a trespass are conceded. The defense is that the *locus in quo* is a highway. It is not claimed that a highway had been laid out there, nor that it was a highway by ten years' user, but that it was a highway by dedication. This was the only contested question.

It is claimed that the land was dedicated as a highway in the spring of the year 1886 by the then owner of the lands, one D. G. Pease. The *locus in quo* is in what is called the village of Rockbridge. This is a small cluster of buildings upon grounds which have never been platted. In the spring of 1886, Pease sold what is described as two lots to one Levi Armstrong, and promised him a road to them if he would fence the road. The land sold to Armstrong was part of a cultivated field. Armstrong fenced the road to his lots, and beyond, so that it opened into another road. From that time there was, at some seasons of the year, considerable travel over this road. Pease lived in another town, and was at Rockbridge only occasionally. He did not know that the road had been opened through until several months afterwards. He directed his tenant, Hoffman, to fence up the road; but it was not done, and travel over it continued. In 1887 it was questioned and debated between the pathmaster and the supervisors whether this was a highway and whether public labor should be expended upon it. Some little public labor was expended upon it. Pease knew there was public travel over the land, and did not stop it. The plaintiff bought the land from Pease in 1891, and immediately put up notices warning the public not to travel there. Pease testifies that he told Armstrong, at the time he sold him the lots: "If you want a road through there you can, but I will never give a road to the public to travel through there, but if you want to travel through there you can, because the town is able to pay me for a road if they want the public to travel through there."

Cunningham vs. Hendricks and others.

There was a verdict for the defendants. Plaintiff moved for a new trial on the ground, among others, that the verdict is against the weight of the evidence. The motion was denied. Judgment for the defendants was entered on the verdict. The plaintiff appeals from the judgment.

*F. W. Burnham* and *L. H. Bancroft*, for the appellant, cited *Rube v. Sullivan*, 23 Neb. 779, and cases there cited; *Starr v. People*, 17 Colo. 458; *Weiss v. South Bethlehem*, 136 Pa. St. 294; *Comm. v. P. & R. R. Co.* 135 id. 256; *State ex rel. Lightfoot v. McCabe*, 74 Wis. 481; *Graham v. Hartnett*, 10 Neb. 517; *Warren v. Brown*, 31 id. 8; *Tupper v. Huson*, 46 Wis. 646; *O'Connell v. Bowman*, 45 Ill. App. 654; *Verona v. Allegheny V. R. Co.* 152 Pa. St. 368; *Waggeman v. North Peoria*, 42 Ill. App. 132.

For the respondents there was a brief by *Eastland & Son*, *O. F. Black*, and *John D. Wilson*, and oral argument by *Mr. Wilson*. They cited *Bartlett v. Beardmore*, 77 Wis. 356.

NEWMAN, J. Whether there was a dedication of the *locus in quo* to the public for a highway is purely a question of the intention of the owner of the lands, for dedication must rest on the clear intention of the owner of the lands to make such dedication. If the intent to dedicate is absent, there is no valid dedication. *Bushnell v. Scott*, 21 Wis. 451; *Buchanan v. Curtis*, 25 Wis. 99; *Cahill v. Layton*, 57 Wis. 600; *Lawe v. Kaukauna*, 70 Wis. 306; *Irwin v. Dixion*, 9 How. 10; *Chicago v. C., R. I. & P. R. Co.* 152 Ill. 561; Elliott, Roads & S. 92. The intention to dedicate must be made to appear clearly. It may be made to appear by deed or by parol, by words or by acts. But it cannot be made to appear with sufficient certainty by either words or acts which are themselves equivocal or ambiguous. If by acts, they must be such acts as are inconsistent and irreconcilable with any construction except the assent of the owner to such dedication. *Irwin v. Dixion, supra.*

Here no declaration of the owner showing an intent to dedicate is shown or relied on. It is the act of Armstrong in fencing the road clear through, so as to make it a thoroughfare, and its use by the public, which are chiefly relied on. The fencing out of the road, if really the work of the owner of the land, might well be quite suggestive of an intention to dedicate. But it is much less so when it is considered in connection with that evidence which shows it to have been the work of Armstrong and without the knowledge or assent of Pease. It then suggests quite the contrary. It then seems to show that Pease, while willing that Armstrong should have a private way fenced out for access to the land which he had sold him, was unwilling to give a highway to the public. His statement to Armstrong that he would not give a highway, and his direction to Hoffman to fence it up, are altogether inconsistent with any such purpose. The fact that the overseer of highways and the supervisors of the town, a year later, debated whether it was a highway, seems to argue the absence of a clear act of dedication. These facts were all competent as evidence upon the question of the intention of Pease to dedicate. *Bushnell v. Scott,* 21 Wis. 451; *Lawe v. Kaukauna,* 70 Wis. 306; *Irwin v. Dixion,* 9 How. 10. On the entire evidence, it is not only not clear that Pease intended to dedicate a highway and opened and fenced a thoroughfare for that purpose, but the contrary is quite clear. He neither had the intention to dedicate nor opened the thoroughfare. And this is the only act of dedication claimed. The evidence falls short of showing, either clearly or by a preponderance, that Pease intended to dedicate a highway.

If there was no intention to dedicate, the public gets no rights by user. *Buchanan v. Curtis,* 25 Wis. 99. At least, not by user of less than ten years' duration under sec. 1294, R. S. And it is quite immaterial that highway taxes were

expended upon it.    *State ex rel. Lightfoot v. McCabe*, 74 Wis. 481.

It is not intended to deny that there can be a valid dedication of a highway contrary to the intentions of the landowner.   Doubtless, there may be circumstances which establish a dedication on the principle of estoppel.   The public has a right to rely upon the conduct of the owner, as well as upon his declarations, as indicative of his intention.   If the open and known acts of the owner are of such a character as to naturally induce the belief that he intended to dedicate a way to the public use, and there was nothing to explain or qualify such acts, and the public acted upon such appearance and would lose valuable rights if the owner was allowed to reclaim the land, in such a case it might well be held that there is a dedication, notwithstanding a secret intent of the owner not to dedicate.   But the acts from which such dedication is to be inferred must be unequivocal and unexplained, and must be the acts of the owner himself or authorized by him.   To illustrate: If, in the instant case, the thoroughfare had been opened and fenced by the order or with the assent of Pease, the owner of the land, without explanation of his purpose, or restriction, the case would then present some of the elements of dedication by estoppel. Elliott, Roads & S. 92; *Wilder v. St. Paul*, 12 Minn. 192.

The verdict is clearly against the weight of the evidence. The motion for a new trial should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.