WILLIAMS, Appellant,. vs. CITY OF HUDSON, Respondent.

*December 5, 1906—January 8, 1907.*

*Dedication: Streets: Use of abutting lot as lateral support: Estoppel:
' Pleading.*

1. Consent of plaintiff that the defendant city deposit earth upon
   the margin of her lot for the purpose of furnishing lateral support for the street constitutes a dedication of her property to
   that extent for a proper public purpose, and she is therefore estopped from requiring the city to remove the earth so deposited
   or from claiming damages caused thereby.

2. In such case allegations of the complaint, merely descriptive of
    the injury alleged to follow from an unlawful filling, are *held*
    insufficient to state a cause of action for negligent construction
    of the grade on her lot, whereby damage was caused from the
    flowage of water and the carrying of sand and other material
    onto her lot.

APPEAL from a judgment of the circuit court for St. Croix
county: E. W. HELMS, Circuit Judge. *Affirmed.*

The plaintiff is owner of a lot abutting on Third street in
the city of *Hudson.* In the year 1900 this street was graded
by the proper authorities of the city of *Hudson.* This re-
sulted in raising the street grade above the level of plaintiff's
lot, from about one foot at the northeast corner to about seven
feet at the southeast corner. No retaining wall was built by
the city to prevent the earth of the higher street grade from
sliding onto the lot of plaintiff; but, when the grading was be-
ing done, the plaintiff and the city by its proper authorities
made an arrangement under which the city graded the street
·to its full width and to the line of plaintiff's lot, and plaintiff
consented that the city place earth upon the margin of her
lot in such quantity and in such a way as to form a lateral
support for the earth of the street as so raised and graded.
This condition continued until August, 1904, when plaintiff
notified and demanded of the city authorities that they re-
move the earth so deposited upon her lot inside the margin
of the street as and for a lateral support of the street as
graded. This the city has refused to do, and she demands
damages from the city for the injury to her use of the prop-
erty consequent upon leaving this filling on her lot. No-
tice of the claim for such damages was presented to the com-
mon council and the claim was disallowed. The defendant
avers that the plaintiff gave permission for the deposit of the
earth upon her lot along the margin of the street; that earth·
was deposited upon her lot in the manner alleged by her pur-
suant to such permission and without her objection at that
time; and that the city has left the earth so deposited on her

lot as a lateral support to the street. The case was tried before the court and jury. The jury found, in effect, (1) that plaintiff granted permission to the city to deposit earth upon and along the margin of her lot at the time the street was graded, and that this earth furnishes a lateral support for the street; (2) that the city so deposited this soil and earth upon her lot in reliance upon her permission and assent; (3) that plaintiff's damage from having such filling remain on her lot is $250. The court held that the plaintiff had established no cause of action and awarded judgment in defendant's favor for its costs. This is an appeal from such judgment.

*John L. Gleason,* attorney, and *R. M. Bashford,* of counsel, for the appellant.

*A. J. Kinney,* city attorney, for the respondent.

Siebecker, J. The plaintiff alleges that in the year 1900, when the city graded the street on which her property abuts, she gave the city permission to deposit the soil and loose earth upon her lot. The evidence contained in the bill supports the jury's finding that plaintiff and defendant's officers, at the time the grading of the street was undertaken, agreed that the city was to fill in and upon plaintiff's lot along the street to the height of the grade of the street and thence sloping to the natural grade of her lot, that she permitted this grading upon her lot to be done without objection, and that, although the street superintendent deemed the amount sufficient for the purpose, she requested that additional soil be so deposited. The effect of this transaction must control plaintiff's rights in this controversy. She now seeks to compel the city to remove this filling from her lot and thus take away the lateral support of the street grade, which was placed there with her permission and assent; and in default of such removal that she, as owner of the premises, be allowed compensation for any damage it may cause her.

Her ownership of the lot is in no way disturbed, and as such owner she may exercise as full control of it, up to the margin of the street, as before the lot grade was changed by this filling. No interference with her use of the lot in its altered grade has been attempted or contemplated. The only inquiry is whether plaintiff can require the city to remove the earth deposited on her lot under the circumstances of this case. To require the removal of the filling, by taking away the lateral support secured by filling plaintiff's lot under the arrangement admitted in her complaint and shown by the evidence, would result in a destruction of a part of the street as graded in conformity to it. It is obvious that the parties contemplated that the filling of plaintiff's lot to the height of the grade of the street was for the purpose of supporting the earth of the street as filled and graded. Plaintiff's consent to the filling of her lot for this purpose, the city's acceptance of the privilege, and its enjoyment to this time constitute a gift of the use of her lot to the public for maintaining a lateral support of the street in the manner agreed to by the parties. It is in nature and effect a dedication of her property for a proper public purpose, namely, the maintenance of the street. When property has been so devoted by the owner in fee, such use cannot be revoked by the owner. In *Connehan v. Ford,* 9 Wis. 240, the court, speaking on this subject, observes:

"The public do in fact acquire an interest in lands. . . . It is not supported upon the ground that it is a *grant,* but because the law considers it in the nature of an estoppel *in pais,* which debars the owner from recovering it. The law does not presume a *grant,* but rather the contrary, nor does it deprive the owner of his title to his land; but, while the dedication continues, says to him that he shall not, in violation of good faith to the public and by dishonest and immoral acts, assert his right of possession to the exclusion of the public."

Under the facts and circumstances it necessarily follows that plaintiff is precluded from now changing her position

in relation to the right of maintaining this filling, where it was placed, in reliance on her promise and assent, for permanently improving the street as contemplated by the parties at the time the arrangement was adopted between them and carried out. These conclusions follow from plaintiff's admitted conduct in giving the city the right to fill in her lot. This renders immaterial the exception urged to the reception and exclusion of testimony.

The claim that the court erred in ruling that the complaint does not state a cause of action for negligent construction of the grade on her lot, thereby causing her damage from the flowage of water and the carrying of sand and other material onto her lot, is not maintained. It is plain that the allegations relied on are not sufficient to state such a cause of action. They were evidently intended by the pleader, as they in fact are, to be descriptive of the alleged injury that the filling is unlawfully on her property, and thus causes her injury in these respects.

Judgment was properly awarded defendant for its costs and disbursements.

*By the Court.*—Judgment affirmed.