CHRISTIANSON, Appellant, vs. CALDWELL and others, Respondents.

*January 8—January 28, 1913.*

*Highways: Boundaries: Actual location: Fences: Presumptions: Retracing old survey: Dedication: Prescription.*

1. An attempted retracing of an original loosely made, uncertain, and contradictory survey of a highway, proceeding by courses and distances and in the absence of monuments, is insufficient to overcome the presumption that the road as actually located more than fifty years ago and used ever since is upon the correct route as originally laid out.

2. If the highway was not legally laid out, the acquiescence of the abutting proprietors for more than thirty years in the use for that purpose of a strip four rods wide between fences amounted to a dedication by them.

3. Where, pursuant to proceedings laying out a highway, a town opens one on a four-rod strip of land fenced out for that purpose and by continuous user gains a prescriptive right to such strip, such actually opened way supersedes the laid-out way so far as the two do not coincide.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*F. W. Hall,* for the appellant, cited, among other cases, *State v. Welpton,* 34 Iowa, 144; *Grube v. Wells,* 34 Iowa, 148; *Bolton v. McShane,* 79 Iowa, 26, 44 N. W. 211; *Manrose v. Parker,* 90 Ill. 581; *Wood v. Hurd,* 34 N. J. Law, 87; *Hamilton Co. v. Garrett,* 62 Tex. 602; *Randall v. Rovelstad,* 105 Wis. 410, 81 N. W. 819; *Olwell v. Travis,* 140 Wis. 547, 123 N. W. 111.

For the respondents there was a brief by *Jones & Schubring,* and oral argument by *B. W. Jones.*

TIMLIN, J.    This was a suit in equity to enjoin the defendants, supervisors of the town of Vienna, Dane county, and another from interfering with a fence which the plaintiff had built upon what he claimed was the boundary between his

land and the adjoining highway and upon what defendants claimed was the highway. The learned circuit court found that in 1849 the town board attempted to lay out a highway through the northeast quarter of the northwest quarter of section 21 in said town, and that thereafter and prior to 1854 a public highway four rods in width was opened through said land, but the road as opened did not follow the line of the road attempted to be established in 1849, but was wholly outside of the boundaries of said road of 1849 through the greater part of its length. The road so opened has been traveled by the public generally and continuously for more than fifty years along substantially the same line. The road so traveled has been worked and cared for at public expense, and the distance between the fences on either side of this traveled road was four rods or more up to 1885. Thereafter the landowners on either side began to encroach with their fences upon this traveled road.

A certified copy of the record of certain proceedings by the supervisors of this town, had under dates of the 17th, 18th, and 19th of December, 1849, is preserved in the bill of exceptions. That road begins at the quarter-post on the west line of section 7, town 9, and range 9, and runs eastwardly, reaching the section corner of sections 16 and 17, 20 and 21; from that corner 12 chains east on the section line two burr oak trees were marked, and the surveyor made what he calls his sixth angle, turning south 4 degrees west and running 33 chains to where he marked two burr oak stumps near Mr. Fisher's. Either the survey or the copy furnished as an exhibit is so defective, uncertain, and contradictory as to be quite unreliable. The surveyor, Hintz, who never had his attention called to this road before June, 1910, testified that he made a resurvey and located the old road and platted it. No monument or marked trees were found at the south end of the road in question.

It requires more confidence than the law places in the re-

tracing of a survey as loosely made as that in question, proceeding by courses and distances and in the absence of monuments, to overcome the presumption arising from the actual location of the road on the ground, made more than half a century ago and persisted in ever since. Whether there was a road actually laid out in 1849 at the place in question, or whether it was merely attempted to be laid out, as found by the court, is quite immaterial. The present location of the highway, persisted in for more than thirty years prior to 1885, as found by the circuit court, is *prima facie* evidence of the correct route as originally laid out, if it was legally laid out. If there was a mere abortive attempt to lay out a highway, the user for this long period with the silent acquiescence of the abutting proprietors amounted to a dedication by them.

It is contended that there was no user of a strip four rods wide for the requisite length of time, but the learned circuit court found to the contrary, and the respondents' counsel refers us to testimony tending to support that finding. The finding is: "That prior to 1885 and for more than thirty years after the public began to travel the said road the distance between the fences on either side of the traveled track was four rods or more."

"Long occupation and use of a highway is itself strong presumptive evidence of an original laying out." *Randall v. Rovelstad,* 105 Wis. 410, 425, 81 N. W. 819. If we assume that the highway as laid out in 1849 was not coincident with the highway as traveled and used for the thirty years next preceding 1885, the case would fall within the rule of *State v. Lloyd,* 133 Wis. 468, 473, 474, 113 N. W. 964, where it is said:

"It would seem that when a town for more than twenty years, pursuant to proceedings laying out a highway, opens one on a four-rod strip of land fenced out for that purpose and thereby gains a right by adverse possession to use that

particular strip for such highway, it must in all reason super-
sede the laid-out way so far as the two do not coincide, as
held in *Almy v. Church,* 18 R. I. 182, 26 Atl. 58; *Matteson
v. Whaley,* 20 R. I. 412, 39 Atl. 754; *Grube v. Nichols,* 36
Ill. 92; *Peoria v. Johnston,* 56 Ill. 45."

If we assume that no highway was ever laid out plaintiff
fares no better, for the learned circuit court found a user for
more than thirty years next preceding 1885 of a road four
rods wide between fences and corresponding with the present
location of the road.

We have carefully examined the evidence, and without
here undertaking to set it forth are prepared to say that in
our opinion it supports the findings of the trial court; so in
whatever way we look at this case the judgment must be af-
firmed.

*By the Court.*—Judgment affirmed.