Town of Minocqua, Appellant, vs. Neuville and another, Respondents.

*March 10—May 31, 1921.*

*Dedication: Oral acceptance: Implied acceptance: Use of public moneys on highway: Dedication not joined in by all landowners.*

1. Prior to the amendment of sec. 1294, Stats., by ch. 525, Laws 1913, an oral acceptance by a town board of a dedication of a public highway was lawful and binding.
2. The mere furnishing of funds by a town board for work upon a strip of land could not convert that which was a private easement into a public one, at least as to owners who had not joined in an attempted dedication to the public.
3. A private right of way could not become a public highway by dedication by the owners of but part of the strip used as such right of way.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff town to restrain the defendants from plowing up and otherwise obstructing an alleged highway in said town. The following sketch shows the situation:

The diagonal line running through section 34 and a small corner of section 35 had for many years been a public highway known as the Minocqua-Hazelhurst road. In 1906 one Noble. S. Lee purchased the several forties shown on the sketch marked L. At that time one Jossart was the owner of the forty marked Jossart, and one Steele of the forty marked Steele. Sometime thereafter Lee conveyed the forty marked F to his son Famous Lee and the one marked G to his son Grover Lee. The two forties marked N were sold by him to a son, Horace Lee, who in April,

1915, conveyed the two to the defendants *Louis* and *Eli Neuville,* who continued in possession thereof and improved the same. The alleged highway in dispute is on a strip on both sides of the line between sections 34 and 35 commencing at the south line of the Steele and Famous Lee forties and running thence north until it intersects the Minocqua-Hazelhurst road.

The court found, among other things, that in 1907 Noble S. Lee orally offered to the plaintiff town board to give or dedicate a sufficient right of way upon his land for a public highway to extend from the south eighth corner between sections 34 and 35 and north along the section line as indicated above; he also offered to clear all brush and other obstructions from the strip of land about one rod wide along said line and level the surface sufficient to make it passable for teams, provided the town would thereupon accept said dedication and assume responsibility of maintaining and improving said strip as a public highway. That the town board orally accepted said property so dedicated, and two or three years later caused a surveyor to set stakes along said section line and contracted and paid for the clearing and widening of the strip about three rods wide throughout the length of said right of way, except that no clearing was made upon the Jossart forty and a strip of only one and one-half rods wide was cleared on the forty opposite in section 34; that a strip one rod wide was cleared by Noble S. Lee in the fall of 1907; that the said road has been continuously used down to the present time by all persons having occasion to travel thereon without objection or hindrance on the part of any landowner until the year 1918. That in 1918 the defendants, who were then clearing and improving their land, objected to any travel across the alleged highway and proposed to obstruct the same. That a petition was filed with the town board by defendants and others to have said alleged highway discontinued and at the

same time to have laid out as a highway a strip running from the quarter-post between the two sections west to the said public highway, but no action was taken upon such petition. In 1919 the defendants further obstructed and attempted to prevent travel on the highway.

In 1919 a petition was filed with the town board to lay out a highway upon the strip in question. The statutory proceedings were carried out and an order made laying out such a highway. The defendants opposed said proceedings and employed counsel to take and an appeal was taken to commissioners to review such order. Upon due proceedings the said order was reviewed and reversed.

After such determination by the commissioners the defendants plowed up so much of the roadway in question as was upon their land, planted crops, and obstructed the use thereof.

As conclusions of law the court held that the plaintiff is estopped to now maintain that a highway was ever legally laid out, dedicated, or acquired on the said strip and for that reason plaintiff has no cause of action, and directed judgment in favor of the defendants, with costs. Each party filed respective exceptions to certain of the findings of fact and conclusions of law, the defendants excepting to the portions of the findings relating to the alleged oral offer by Noble S. Lee to the town board to give or dedicate the right of way for a public highway and to that portion reciting that the town board orally accepted said proposition to dedicate.

For the appellant there were briefs signed by *E. D. Minahan* of Rhinelander, attorney, and *John F. Ames* of Minocqua, of counsel, and oral argument by *Mr. Minahan.*

*A. J. O'Melia* of Rhinelander, for the respondents.

The following opinion was filed April 5, 1921:

ESCHWEILER, J.   The statutory proceedings undertaken in 1919 by the town board to have the strip of land in

question declared to be a public highway has been terminated adversely to plaintiff's contention and it can claim no rights over the land in dispute except and unless there was such an oral dedication thereof by Noble S. Lee in 1907 and an oral acceptance by the town of such a nature as to make it a public highway. The trial court found that there did so come into existence a public highway, but that such a choice of positions was made by the plaintiff in the proceedings of 1919 that thereby an estoppel was created as against the town to now assert such dedication.

The defendants having filed exceptions to the findings of the court as to the alleged oral dedication and acceptance in 1907, that question is before us for review. After a consideration of the evidence we are forced to the conclusion that it is not sufficient to warrant the finding that there was created a public highway by the proceedings of 1907 and subsequently, and having reached such conclusion it is unnecessary to consider the question as to whether or not the town board had estopped itself from asserting rights over the said strip.

No question is raised but that at the time of the alleged dedication, being prior to the amendment to sec. 1294, Stats., by ch. 525, Laws 1913, an oral acceptance by a town board of a dedication of a public highway was lawful and binding.

Noble S. Lee and his sons remained in continuous ownership of all the forties in question on both sides of the alleged highway until 1915, the time of the sale to defendants, except the forty at the southwest end and the forty at the northeast corner of such strip. There is no contradiction of the positive testimony of the owners of these two forties, Steele and Jossart, that neither gave any land to the town of *Minocqua* for such highway purposes. It is undisputed that a portion of the highway as cleared out and used by the Lees was upon the lands owned by Steele and Jossart

respectively. It is also undisputed that the Lees occasionally reached the main highway by a trail along Steele's south line. The center line as staked out by the town surveyor shortly after 1907 would necessarily place a portion of such highway upon the Steele and Jossart forties.

There is no evidence tending to show that Steele or Jossart were either expressly informed by the Lees or by the town board that there had been any attempt at a dedication or an acceptance of the strip as a public highway either as a whole or as to any part thereof. So far as these two abutting owners were concerned, this strip was but a private right of way existing by their permission over their lands. *Tupper v. Huson,* 46 Wis. 646, 1 N. W. 332. The evidence expressly negatives any intention on their part to dedicate their respective portions of this strip to the public. There is nothing to show an estoppel as to them, nor sufficient evidence to show that there had been such public use thereof as distinguished from its use as a private right of way to make it as to these two a highway by public user, the actual work upon it having been done by those for whose benefit it was first brushed out, namely, the Lee families.

We find nothing in the record which would warrant a finding that there was anything done by the Lees or by the town which would be sufficient notice to either Steele or Jossart that this trail through the woods had been changed from a private right of way into a public highway.

The mere furnishing of funds by the town board for work upon such strip, if such were furnished, could not convert that which was a private easement, so far at least as Steele and Jossart were concerned, into a public one. *State ex rel. Lightfoot v. McCabe,* 74 Wis. 481, 484, 43 N. W. 322; *Cunningham v. Hendricks,* 89 Wis. 632, 636, 62 N. W. 410.

It is manifest that no proper proceedings for the opening of the strip of land in question as a public highway could have been taken under the statute without proper notice and

participation by Steele and Jossart as well as Lee. There could be no proper statutory public highway along the ·portion of the section line in controversy here as to the lands of Lee alone, excluding the property of Steele and Jossart. It could not become a public highway by piecemeal so as to be a public highway for the full width over the Lee property, where he owned on both sides of the line and for half of its width and on one side only of the forties opposite Steele and Jossart, respectively. It is equally manifest that it could not have become a public highway by dedication of the owners of but part of the entire strip. And no claim is made by plaintiff that anything less than the whole strip in length and breadth is the public highway over which the plaintiff asserts control.

The alleged dedication, therefore, by Lee, which alone was the one accepted, if any, by the town board, being but of a part of that which necessarily went to make up the alleged public highway, being of no binding force or effect as to the forties of Steele and Jossart, was all futile so far as declaring the entire strip to be a public highway.

It being apparent that there was not in any view of the testimony sufficient oral dedication of the strip in dispute as and for a public highway, the plaintiff is without support for any claim of right over the strip in question, and for that reason the judgment dismissing the complaint was correct.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 31, 1921.