RUCHTI, Trustee of the Ruchti Trust, Plaintiff-Appellant, v. MONROE, and others, Defendants-Respondents.

*No. 76–097. Submitted on briefs May 3, 1978.—Decided June 6, 1978.*
(Also reported in 266 N. W. 2d 309.)

For the appellant the cause was submitted on the briefs of *Edward E. Leineweber,* and *Kay, Gissen & Houser* of Richland Center.

For the respondents the cause was submitted on the brief of *James G. Robb, James J. Robb,* and *Robb Law Offices* of Richland Center.

HANLEY, J.    The sole issue presented on this appeal is whether the trial court erred in granting the defendants' motion for summary judgment.

The plaintiff contends that the respondents failed to make a prima facie showing of entitlement to summary judgment.    The plaintiff first argues that under the holding of *Bino v. Hurley,* 14 Wis.2d 101, 109 N.W.2d 544 (1961), if the maintenance of the road can be explained in a way which is not adverse to the interests of the landowner, sec. 80.01(2), Stats., does not operate to convert the road to a public highway.

In *Bino,* the City of Hurley owned a landlocked parcel on which it operated a pumping facility.    The city had

an easement of necessity over Bino's property. The city maintained the road leading to its pumping station for more than 20 years. Bino then erected a gate intended to restrict travel by the public on this road, but not to limit use by the city. The city removed Bino's gate and Bino brought an action for trespass. The city defended itself by alleging that the road in question had become a public road by operation of sec. 80.01(2), Stats., and by common law prescription. This court held that the use of a way of necessity is permissive and not adverse, and cannot constitute the foundation of a prescriptive easement. Because the city, in operating and maintaining the roadway, was merely doing that which any private owner of an easement would have a right to do, the city's acts of maintenance did not give Bino sufficient notice that his private way was being changed into a public highway.

However, the plaintiff's reliance on *Bino* is misplaced. In the instant case, the landlocked parcel to which the road leads is owned by John Kinney. Since the Town of Richwood did not hold an easement but only maintained public highways, the plaintiff and his predecessors in title should have known that the maintenance of the road was public work. Unless the township is the holder of an easement, the natural expectation or presumption is that work done by public agencies is public work and not work done for the benefit of a private party. *Bino* should not be read so broadly as to allow a landowner to presume private maintenance of a road he claims to be his based upon the mere possibility that the work is done pursuant to a private agreement with another. *See Christianson v. Caldwell*, 152 Wis. 135, 139 N.W. 751 (1913); *Williams v. City of Hudson*, 130 Wis. 297, 110 N.W. 239 (1907).

The plaintiff also contends that the defendants' affidavits show that only occasional work was done by the town, and that work was only done pursuant to the

request of Kinney, the holder of an easement of necessity. Work done by a public agency for the benefit of a private party does not constitute work "as public highways" under sec. 80.01(2), Stats. *Town of Minocqua v. Neuville,* 174 Wis. 347, 182 N.W. 471 (1921). However, the record before us does not support the plaintiff's position for the following reasons. First, the plaintiff presumes the existence of an easement of necessity for Kinney because he is otherwise landlocked. At common law, an easement of necessity is created by the sale of a landlocked parcel over the seller's land. *Backhausen v. Mayer,* 204 Wis. 286, 234 N.W. 904 (1931); *Jarstadt v. Smith,* 51 Wis. 96, 8 N.W. 29 (1881). Common ownership of the two parcels is a necessary precondition for the establishment of an easement of necessity. 28 C.J.S. *Easements,* sec. 35 at 696. The affidavits trace ownership of the various parcels of land back over forty years, but the record does not disclose a common ownership of these parcels at any time. The affidavit of John Kinney also indicates that the road in question at one time "went through beyond his lands." Therefore, the possible existence of an easement of necessity for Kinney is purely speculative on the basis of the record presented. Second, the affidavits, fairly read, disclose that maintenance on the road was sometimes done spontaneously by the patrolmen and sometimes at the request of a person other than Kinney. Third, the road work appears to have been done continuously over time as needed. The work described in the affidavits cannot be fairly described as sporadic or seasonal.

Plaintiff next argues that the trial court misallocated the burden of proof. Whether based upon a theory of common law prescription by use over 20 years or upon sec. 80.01(2), Stats., by maintenance over 10 years, the town does not acquire prescriptive rights in the road if its use of the road was merely permissive. The plaintiff

contends that the defendants had the burden of proving adverse use, and that they failed to make a prima facie showing that the use was not permissive.

Generally, unexplained use of an easement over enclosed, improved or occupied lands for 20 years is presumed to be adverse. *Bino v. City of Hurley, supra; Shellow v. Hagen,* 9 Wis.2d 506, 510, 101 N.W.2d 694 (1960). Likewise, under sec. 80.01 (2), Stats., where work has been done and public money expended on a road under the direction of public officials, there is sufficient public use to establish it as a highway. *Blute v. Scribner,* 23 Wis. 357 (1868). Thus, upon a showing by the town of use by the public for more than 20 years or maintenance by the town for 10 years, the landowner has the burden of proving permissive use under some license indulgence or special contract. *Shellow v. Hagen, supra; Carlson v. Craig,* 264 Wis. 632, 60 N.W.2d 395 (1953).

The plaintiff argues that the presumption of adverse use does not apply in this case because his lands are open, unenclosed and unimproved. However, the affidavits clearly show that the land in question was developed for agricultural purposes, fenced and, most importantly, occupied. The obvious rationale for distinguishing wild lands from improved, occupied lands is that fairness to the landowner requires that he have notice of the prescriptive use of his land by others. The affidavits establish that the land in question was sufficiently developed; that its owners and occupiers had sufficient notice of use by the public and maintenance by the town.

The affidavit submitted by the plaintiff's attorney and the pleadings which were construed as affidavits by the trial court did not raise sufficient questions of fact to require trial on the issue. The plaintiff did not show the existence of any express agreement with Kinney. He did not show the existence of any gates, obstructions

or other impediments to public travel. *See, Galewski v. Noe*, 266 Wis. 7, 62 N.W.2d 703 (1954). He showed no restrictions on use by the public which would be consistent with his ownership of the road or limitations of use on Kinney or people doing business with Kinney. *See, Shellow v. Hagen, supra.* Nor does the fact that the road was a dead end necessarily show that the road was not used as a highway. *Schatz v. Pfeil*, 56 Wis. 429, 14 N.W. 628 (1883).

The plaintiff's affidavits were purely conclusory. The statement that the use of the road was permissive is a conclusion of law rather than a statement of fact, and was not made by one having personal knowledge of the underlying facts. An affidavit by an attorney stating a conclusion of law is not an evidentiary fact as required by the summary judgment statute. *Duncan v. Steeper*, 17 Wis.2d 226, 116 N.W.2d 154 (1962).

Because the defendants made a prima facie showing that the road had been worked for 10 years and used by the public for 20 years under the circumstances which are presumptively adverse to the landowner, and because the landowner failed to show facts in his affidavit which would support his theory of permissive use, we conclude that the trial court properly granted summary judgment for the defendants.

*By the Court.*—Judgment affirmed.