FREDERIC W. FLEISHAUER, District Attorney Portage County
You ask what legal standards apply to determine rights-of-way boundaries of "non-dedicated" town roads. Specifically, you ask:
 In the event a non-dedicated town road presently lies outside the boundaries of the right of way of such road as determined by customary survey procedures, and such road has been used and maintained in that location for more than the prescriptive period, is the prescriptive right obtained by the use and maintenance limited to the actual amount of land used for highway and shoulder purposes, or does it extend to cover a strip of land 33 feet in width on either side of the center line of said highway?
You state that it is customary survey procedure to show right-of-way lines of nondedicated roads as straddling government land survey lines, or section lines, with each abutting owner sharing an equal portion of the right-of-way. You state further that a local township has recently adopted the position that the location of the right-of-way of such nondedicated town roads is determined by the actual physical location of the centerline of such roads and that right-of-way is deemed by the township to constitute a strip of land thirty-three feet in width on either side of the line.
It is my opinion that neither customary survey procedures nor the township's position comport with the law on this question. Although it is probably true that the rights-of-way of most nondedicated roads straddle government survey or section lines, the boundaries of such rights-of-way may be altered when other factors are present; and the right-of-way width is not necessarily four rods. Further, although it is possible that rights-of-way follow the actual centerlines of town roads, that is not invariably the case; and only in exceptional circumstances will such rights-of-way extend to thirty-three feet either side of the centerline.
A town is a subdivision of the state and may exercise only those powers delegated to it by statute, as interpreted by case law. Pugnier v. Ramharter, 275 Wis. 70, 73, 81 N.W.2d 38 (1957). *Page 89 
Nondedicated town roads may be created by an affirmative act of the town board in conformity with ch. 80, Stats. They may also be created by adverse users without the aid of a statute. Cityof Chippewa Falls v. Hopkins, 109 Wis. 611, 85 N.W. 553 (1901);Jacobosky v. Ahnapee, 244 Wis. 640, 13 N.W.2d 72 (1944).
I. Town Roads created by affirmative act.
Where roads are created by affirmative act of the town board under sec. 80.07(1), Stats., the boundaries of the rights-of-way are presumed by sec. 80.08, Stats., to be four rods unless the order laying out the road specifies otherwise, but in no case are rights-of-way to be less than three rods. The description of the highway as contained in the order determines the location of the right-of-way boundaries. Walker v. Green Lake County,269 Wis. 103, 69 N.W.2d 252 (1955); Barrows v. Kenosha County,8 Wis.2d 58, 98 N.W.2d 461 (1959). Sections 80.01 (2), (4), 80.07 (1), and 80.37, Stats., all provide town boards with methods of reconstructing lost records, validating insufficient records, and particularizing incomplete records in such manners that the boundaries of rights-of-way may be determined. See Lowenstine v.Land O'Lakes, 11 Wis.2d 500, 105 N.W.2d 837 (1960); Muehrcke v.Behrens, 43 Wis.2d 1, 169 N.W.2d 86 (1969).
Courts have recognized, however, that the actual physical location of the centerline of a town road may not coincide with the centerline of the right-of-way as described in the town board's order. A town road may deviate from the described centerline but remain within the laid-out right-of-way. The roadway may also wander outside the described right-of-way. Where the whole of the road lies within the laid-out right-of-way boundaries, the public acquires no rights in any adjoining lands by virtue of a deviation of the actual centerline of the roadway from the described centerline of the right-of-way.Konkel v. Pella, 122 Wis. 143, 148, 99 N.W. 453 (1904); Town ofRandall v. Rovelstad and another, 105 Wis. 410, 81 N.W. 819
(1900). To hold otherwise would be to sanction a taking of property without due process of law. Section 80.07(1), Stats., requires damage awards or waivers.
Where the roadway wanders outside the described right-of-way, the court looks to other factors in determining whether the course of the actual roadway or the limits of the described right-of-way take *Page 90 
precedence. In Christianson v. Caldwell, 152 Wis. 135,139 N.W. 751 (1913), the court held that a roadway, which lay wholly outside the boundaries of an unreliably described right-of-way for the greater part of its length and which was traveled generally and continuously by the public for more than fifty years, established a new set of right-of-way boundaries of four rods width. Contrast Town of Randall, where the court found that a relatively small deviation from the laid-out right-of-way, not used continuously for any definite length of time and which could reasonably be explained by the presence of a slough in the described right-of-way, did not give the public any rights in the portion outside the laid-out right-of-way.
The court held:
 The public welfare does not demand that highways should be broadened by the acts of those who travel over them; and any mere deviation beyond their bounds, which may be accounted for by topographical difficulties, or by carelessness of travelers as to the true line, will be presumed to be not adverse and not accompanied by a claim of right, more strenuously than acts within such limits, especially when such deviations have not been sanctioned by the making of repairs. [Citations omitted.] This court has repeatedly held that travel tends only to establish the existence of a highway of the ordinary width or as laid out, although it may cover only a part. [Citations omitted.] Also, that deviation of travel from the laid-out course of a highway has no effect to change it.
Town of Randall, 105 Wis. at 430. Additional research into the cases might disclose other facts relevant in a more extensive treatise on the topic of town roads created by affirmative acts or relevant to particular cases being litigated.
II. Town roads created by adverse users.
Where town roads are created by general, continuous, long-term, and adverse use by the public, without being worked as public highways, the presumptive and minimum widths contained in secs. 80.01(2) and 80.08, Stats., do not apply.
The general rule regarding the width of highways created by users is stated by the court in Nicolai v. Wisconsin Power Light Co., 227 Wis. 83, 89-90, 277 N.W. 674 (1938): *Page 91 
 The width or limits of a highway by user are determined by the limits of the user. Stricker v. Reedsburg, 101 Wis. 457, 77 N.W. 897; Neale v. State, 138 Wis. 484, 120 N.W. 345. However, this does not mean that the traveled track necessarily determines the limits of the user. It includes such portion as goes with the traveled track for the purposes of the highway. See Konkel v. Pella, 122 Wis. 143, 147, 99 N.W. 453; Bartlett v. Beardmore, 77 Wis. 356, 46 N.W. 494.
Subsequent to Nicolai, sec. 80.01(2), Stats., was amended to provide that unrecorded highways which have been worked as public highways ten years or more are presumed to be four rods wide. Ch.380, Laws of 1951.
In summary, town roads created by affirmative acts are subject to the rebuttable presumptions favoring four-rod rights-of-way found in secs. 80.01, 80.07, and 80.08, Stats. Town roads created by adverse users which have also been "worked as public highways 10 years or more" have the four-rod width presumption of sec. 80.01(2), Stats., which applies to all unrecorded highways without reference to the method of their creation. Town roads created by adverse users which have not been so worked are subject to no presumed minimum width, although the statutory widths arguably are relevant as some evidence of a legislative judgment that such widths are reasonably needed for highway purposes.
Thus, when a town board widens or improves a town road, town records must be checked carefully to determine if such road was laid out originally and properly as a four-rod right-of-way. If town road records have been lost or destroyed, sec. 80.37, Stats., provides a method for restoring such records. If a town road developed by use alone or was laid out as a three-rod right-of-way and the town wishes to widen the road to a four-rod right-of-way it must award damages or secure waivers from adjacent landowners, just as it must when laying out a road from the beginning.
Hence, when a town board wants to change the configuration of a town road right-of-way, its surveyor must check carefully all available records to determine the proper location, width, and origin of said road right-of-way and report his findings to the town board. The town board, thereupon, changes the road right-of-way pursuant to *Page 92 
law as the facts found by the surveyor demand. Legal advice also should be sought by the town board in most cases.
BCL:CDH:bao