GLENN L. HENRY, Corporation Counsel Dane County
You request my opinion on the following question:
 Does the county board have authority to enact an ordinance requiring its contractors to agree to a policy of non-discrimination in employment which expands the number and nature of protected groups beyond those protected by state and federal equal employment opportunity laws?
Counties are not "contracting agencies of the state" within the meaning of sec. 16.765 (1), Stats., which requires the insertion of a provision in state contracts obligating the contractor not to discriminate in employment because of "age, race, religion, color, handicap, sex, physical condition, developmental disability . . . or national origin." 68 Op. Att'y Gen. 306 (1979). As you point out, however, other present federal and state regulations and laws prohibit various kinds of discrimination in employment. For instance, subch. II (Fair Employment) of ch. 111, Stats., generally prohibits discrimination in employment because of "age, race. color, handicap, sex, creed, national origin, ancestry, arrest record or conviction record." Your concern relates to ordinance provisions which go further than state or federal law would require, and you question whether the statutes give a county authority to enact its own legislation in the area of employment discrimination, except as necessarily implied as incidental to *Page 65 
compliance with and enforcement of its obligations under state and federal laws and regulations.
Counties are creatures of the Legislature and their powers must be exercised within the scope of authority ceded to them by the state. Dane County v. H SS Dept., 79 Wis.2d 323, 255 N.W.2d 539
(1977). Thus, it is said that county boards only exercise such powers as are expressly granted or necessarily implied. DodgeCounty v. Kaiser, 243 Wis. 551, 557, 11 N.W.2d 348
(1943);Spaulding v. Wood County, 218 Wis. 224, 229, 260 N.W. 473
(1935). Nevertheless, the Legislature has been increasingly more willing to broaden the areas of authority and the powers of counties, and today that traditional view of limited county power can no longer be generally applied to every statute which grants power to counties. See, for instance, 69 Op. Att'y Gen. 87 (1980), interpreting the provisions of sec. 59.07, Stats.
A number of statutory provisions appear to relate to your question. Section 59.01 (1), Stats., specifically provides that: "Each county in this state is . . . empowered . . . to make such contracts and to do such other acts as are necessary and proper to the exercise of the powers and privileges granted and the performance of the legal duties charged upon it." Section 59.07, Stats., which sets forth the general powers of county boards, further provides, in part, as follows:
 The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language.
. . . .
 (5) General Authority. Represent the county, have the management of the business and concerns of the county in all cases where no other provision is made, apportion and levy taxes and appropriate money to carry into effect any of its powers and duties.
. . . .
 (7) Purchasing Agent. . . . The board may require that all purchases be made in the manner determined by it. *Page 66 
Section 59.08 (1), Stats., which applies to certain contracts for public work, reads as follows:
 All public work, including any contract for the construction, repair, remodeling or improvement of any public work, building, or furnishing of supplies or material of any kind where the estimated cost of such work will exceed $5,000 shall be let by contract to the lowest responsible bidder. The contract shall be let and entered into pursuant to s 66.29 . . . . This section does not apply to highway contracts which the county highway committee is authorized by law to let or make.
Further, sec. 66.29, Stats., which sets forth provisions relating to certain public contracts, states:
 (2) BIDDER'S PROOF OF RESPONSIBILITY. Every municipality, board or public body upon all contracts subject to this section may . . . require such person to submit a full and complete statement sworn to before an officer authorized by law to administer oaths . . . of such other matters as the municipality, board, public body or officer thereof may require for the protection and welfare of the public in the performance of any public contract.
. . . .
 (6) SEPARATION OF CONTRACTS. . . . The municipality may set out in any public contract reasonable and lawful conditions as to the hours of labor, wages, residence, character and classification of workmen to be employed by any contractor.
While the policy of combatting discrimination is given high priority at both the federal and state level, it is not an area of the law which can be said to have been preempted by one government to the exclusion of the other, particularly where there exists a rational doubt that preemption exists. SeeGoodyear Tire Rubber Co. v. DILHR, 87 Wis.2d 56,273 N.W.2d 786 (1978).
In my opinion, neither state nor federal employment discrimination law would preclude a county from enacting a complimentary ordinance requiring its contractors to agree to a policy of *Page 67 
non-discrimination in employment. Such an ordinance may be enacted under existing statutory authority, even though it provides broader protection than that afforded by state and federal equal employment opportunity laws, as long as such ordinance does not conflict with such laws.
BCL:JCM