406 P.2d 361

**Luz CASTILLO, Plaintiff-Appellee,**

**v.**

**TABET LUMBER COMPANY, Defendant-Appellant.**

**No. 7648.**

Supreme Court of New Mexico.

Oct. 4, 1965.

Chavez & Cowper, Belen, for appellant.
Filo M. Sedillo, Belen, for appellee.

MOISE, Justice.

The general issue presented here is identical with the one decided in Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536, where it is stated, "The question is whether the district court erred in holding that appellee has title by prescription to a right of way over appellant's land."

There is no material dispute concerning the facts nor are they complicated. Since 1937 plaintiff-appellee has owned and resided on a tract of land or lot located in Belen, New Mexico. She was born in this house which was built by her father and she has lived there all of her life.

She is now past 60 years of age. The defendant-appellant owns the property adjoining appellee's property on the south, having acquired the same in 1961. To the east of appellant's property is located a street known as Sixth Street, and to the south is Baca Avenue. Crossing appellant's property is a street, road or path which has existed in its present location for over 60 years and runs approximately parallel to Sixth Street from Baca Avenue to an east-west alley on the north side of appellee's property. This is the road that has been utilized by appellee and her parents before her to go to and from their home to the center of town. It has been generally known as Seventh Street, though clearly never dedicated as such. The road has been used by those who have lived in houses facing on it, and to some extent by the public generally. In 1963 appellant barricaded the road and appellee then filed this action. The court concluded that appellee had used a described strip of land across appellant's property continuously, openly, adversely, notoriously, peaceably and uninterruptedly under a claim of right from 1937 to 1963, some 26 years, and accordingly had acquired an easement by prescription.

Although no specific finding was made thereon, it is unquestioned that until barricaded in 1963, the property for many years had been open and unfenced, also that the street or road had been used generally by the public desiring to pass over it and that there were many different paths over it.

In Hester v. Sawyers, supra, it was determined that title to an easement for a right of way could be acquired by prescription; that the right is obtained by use alone and is based upon a presumed grant, not upon statute; that under our law the period of use must be ten years, the same as the limitation period provided by law applicable to adverse possession of land; that the presumption of a grant of the right is conclusive upon the passage of ten years of open, uninterrupted, peaceable, notorious and adverse use under a claim of right with knowledge or imputed knowledge of the owner; that when such use is present for the requisite period the owner is charged with knowledge of it, and acquiescence is implied; and that the right may arise even though it was originally permissive, if it subsequently became adverse and the adverse use continued for a full ten years. Further, that what commences as a permissive use does not become adverse until a distinct and positive claim of right hostile to the owner is brought home to the owner by claimant's words or action. Instances where easements by prescription do not result were also noted. One of these is where the use is strictly permissive. Another is stated in the following language:

"In this state, where large bodies of privately owned land are open and uninclosed, it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation and convenience, and many such roads are made and used by neighbors and others. Under these circumstances it would be against reason and justice to hold that a person so using a way over lands could acquire any permanent right, unless his intention to do so was known to the owner, or so plainly apparent from acts that knowledge should be imputed to him. * * *" Hester v. Sawyers, 41 N.M. 497, at 504, 71 P.2d 646, 651.

The real significance of this exception lies in the fact that under the circumstances discussed in the quotation, the use is presumptively permissive whereas in the ordinary situation, where use is open, notorious, uninterrupted and peaceable, a conclusive grant is presumed.

We first consider whether the fact that appellant's land was open and unfenced operated to negate the presumption of a grant of a right. We are satisfied that the court ruled correctly. The exception noted in the quotation from Hester v. Sawyer, supra, has no application under the facts of this case. The open and unfenced property here involved is not situated so as to come within the rule. Appellant's property is a vacant town lot and is not a large body of open and unenclosed privately owned land. Neither is the reason for the different rule applicable to such tract pertinent under these facts. It is as stated in the quotation, to advance friendly relations, good neighborliness and sociability between people living in sparsely settled or rural areas. See note in 46 A.L.R.2d 1140, 1154, following case of Fullenwider v. Kitchens, 223 Ark. 442, 266 S.W.2d 281, 46 A.L.R.2d 1135. It is interesting to note that the Arkansas case distinguished the facts there present from those discussed in Boullioun v. Constantine, 186 Ark. 625, 54 S.W.2d 986, which is the identical case cited by our court in Hester v. Sawyers, supra, in support of the rule applicable to large unenclosed tracts. See also, Shepard v. Gilbert, 212 Wis. 1, 249 N.W. 54, where it is stated that the rule of Carmody v. Mulrooney, 87 Wis. 552, 58 N.W. 1109, was the proper rule to be applied there and not the different theory applicable to "unenclosed lands." Carmody v. Mulrooney, supra, was cited by our court in Hester v. Sawyer, supra, in support of its conclusions under the facts there present. For other cases noting the distinction here made, see Carlson v. Craig, 264 Wis. 632, 60 N.W.2d 395; Schroer v. Brooks, 204 Mo.App. 567, 224 S.W. 53; Leekley v. Dewing, 217 Md. 54, 141 A.2d 696.

[6] Appellant also contends that since the public generally used the roadway in issue, an easement by prescription could not be predicated thereon. Reliance is placed principally on Martinez v. Mundy, 61 N.M. 87, 295 P.2d 209. However, we do not consider that case supports appellant's position. Involved there was the claimed right of numerous plaintiffs to pasture and water livestock, cut wood and use roads over property acquired by defendants by adverse possession. It was there said:

"* * * The claim by the appellants that they have acquired by grant or prescription, the right to cut wood, water livestock, pasturage and the use of roads was not shown to have been exclusive to the appellants but on the contrary was claimed by many others. The claim being in common with and similar to that of the general public in this area, the appellants certainly could not acquire a private easement unto themselves. * * *"

However, we do not attach to the language quoted the significance claimed by appellant. The correct rule is stated in the following language in the note in 111 A. L.R. 221, 223:

"The requirement of 'exclusive,' as regards acquirement of an easement by way of prescription, does not mean that the claimant shall have been the sole user, or the only one who could or might enjoy the same or a similar right over the same land, but simply that the individual right shall not depend for its enjoyment upon a similar right in others, being, by virtue of some distinction of its own, independent of all others."

Cited in support of the rule are a great number of cases. See, also, House v. Close, 48 Tenn.App. 341, 346 S.W.2d 445, and Schroer v. Brooks, supra. In the instant case, appellee's right to use resulted from the long, continuous, open, notorious, peaceable and adverse use for ingress and egress to and from her home and is not affected by the fact that others used the same roadway for their own purposes. Her right did not depend in any way on the presence or absence of the rights of others, but to the contrary, was exclusively a right to use in connection with her property.

Appellant's additional complaint concerning the court's failure to make certain findings and conclusions requested by it need not be considered since each of the requests was based on the theories hereinabove held to be without merit. Save-Rite Drug Stores v. Stamm, 58 N.M. 357, 271 P.2d 396; Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652.

It follows from what has been said that there is no reversible error present,

and the trial court's judgment should be affirmed.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.