632 P.2d 1162

**VILLAGE OF CAPITAN, a Municipality in the State of New Mexico, Petitioner-Appellant,**

v.

**Ernest KAYWOOD and Bobbie Kaywood, husband and wife, Respondents-Appellees.**

No. 13475.

Supreme Court of New Mexico.

Aug. 18, 1981.

Payne, Mitchell & Quigley, Gary C. Mitchell, Ruidoso, for petitioner-appellant.

Witham & Wall, Donald J. Wall, Carrizozo, for respondents-appellees.

## OPINION

EASLEY, Chief Justice.

The Village of Capitan (Village) sued to obtain a permanent injunction against the Kaywoods to prevent them from obstructing a public road. The trial court dismissed the petition and granted the Kaywoods the right to maintain a fence across the road. The Village appeals. We reverse.

The issue presented is whether there was substantial evidence to support the trial court's conclusion that the Village had not established a public right-of-way by prescriptive easement.

The Kaywoods' property is a tract of relatively modest size situated in an inhabited subdivision. The road runs along an easement designated and granted on the subdivision plat for the purposes of construction and maintenance of a water line. The evidence showed that the road had been used continuously by the public and the Village for other purposes for a period in excess of ten years.

The trial court held that a prescriptive easement had not been established on the basis that the use had been by express

consent and approval. However, we have reviewed the record and cannot find any evidence that either the Kaywoods or their predecessors-in-interest had expressly consented to the use of the road.

■ A public right-of-way by prescription may be established by usage by the general public continued for the length of time necessary to create a right of prescription if the use had been by an individual, provided that such usage is open, uninterrupted, peaceable, notorious, adverse, under claim of right, and continued for a period of ten years with the knowledge, or imputed knowledge of the owner. *Lovelace v. Hightower*, 50 N.M. 50, 168 P.2d 864 (1946).

■ A right-of-way by prescription cannot grow out of a strictly permissive use, no matter how long the use. *Garmond v. Kinney*, 91 N.M. 646, 579 P.2d 178 (1978). In *Garmond* the evidence before the trial court showed that express permission for the usage of the roadway had been granted by the owner.

■ In the absence of proof of express permission, the general rule is that the use will be presumed to be adverse under claim of right. *See Castillo v. Tabet Lumber Company*, 75 N.M. 492, 406 P.2d 361 (1965); *Hester v. Sawyers*, 41 N.M. 497, 71 P.2d 646 (1937). An exception to this presumption exists where the claimed right-of-way traverses large bodies of open, unenclosed, and sparsely populated privately-owned land. *Hester v. Sawyers, supra.*

■ Since the Kaywood's property is a relatively small tract in a populated subdivision, we must apply the usual presumption that, in absence of evidence of express consent or approval, the use will be presumed to be adverse under claim of right. The trial court therefore erred in holding that a public right-of-way by prescriptive easement had not been established.

We reverse and remand with directions to enter judgment in favor of the Village.

IT IS SO ORDERED.

PAYNE and RIORDAN, JJ., concur.