770 P.2d 540

Jose Cruz CASTELLANO, a/k/a J.C. Castellano, Plaintiff–Appellant,

v.

Jose M. ORTEGA, Fidel Ortega, Isabel Ortega, Maria Ortega, Martina Ortega, Santos Ortega, and Teresita Ortega, Defendants–Appellees,

v.

Consuelo Ortega MARTINEZ, Defendant–Appellee.

No. 9862.

Court of Appeals of New Mexico.

Feb. 16, 1989.

Ruben Rodriguez, Joe C. Castellano, Jr., Santa Fe, for plaintiff-appellant.

Donaldo A. Martinez, Las Vegas, for defendants-appellees Jose M. Ortega, et al.

George M. Scarborough, Santa Fe, for defendant-appellee Consuelo Ortega Martinez.

OPINION

BIVINS, Chief Judge.

Plaintiff sued to quiet title to approximately 294 acres in San Miguel County. From a judgment decreeing plaintiff and defendants Luis Ortega, Gabino Ortega, Epimenio Ortega, Santos Ortega, Frank Ortega, Concepcion Ortega Martinez, and Isabel Ortega Delora, each fee simple owners of a one-eleventh interest as tenants-in-common to the property, plaintiff appeals.[1]

He raises five issues: (1) whether substantial evidence supports the trial court's finding that plaintiff did not acquire color of title in good faith; (2) whether plaintiff's deed extinguished the pre-existing tenancy in common; (3) whether plaintiff proved title by adverse possession; (4) whether substantial evidence supports certain findings made; and (5) whether the trial court erred in refusing to adopt certain findings plaintiff requested. We affirm.

At the time of his death, Jose M. Ortega was the owner of the property in question; he left as his sole survivors eleven children, to whom title passed by intestate succession. Juan Ortega, the oldest son, looked after the property for himself and his brothers and sisters. Juan executed to plaintiff a warranty deed to the property, which was recorded on May 4, 1953; the

---

1. These interests do not add up to one-eleventh each; however, no issue as to this mathematical error has been raised on appeal.

deed contained no limitations as to the interest conveyed.

As we understand plaintiff's position, he claims title to the property by deed and by adverse possession. We need not address plaintiff's contentions concerning his good faith; we assume, without deciding, that plaintiff acted in good faith.

■ Plaintiff correctly contends that the deed from Juan purporting to convey all the land to him acted as a repudiation of the pre-existing tenancy in common. *See Thurmond v. Espalin,* 50 N.M. 109, 171 P.2d 325 (1946); *see also Witherspoon v. Brummett,* 50 N.M. 303, 176 P.2d 187 (1946). Although there is a presumption that a cotenant is merely exercising the right which the law gives him, plaintiff's recording of the deed and his entry into possession served to place defendants on notice that he was claiming adversely to them. *Thurmond v. Espalin; Armijo v. Neher,* 11 N.M. 645, 652–53, 72 P. 12, 12–13 (1903). However, this alone does not vest title in plaintiff.

■ Because Juan could not legally convey the entire interest to land in which he owned only a partial interest, the deed purporting to convey the entire interest could give plaintiff title to Juan's interest alone. Plaintiff acquired only color of title to the rest of the property. *See Jones v. Tate,* 68 N.M. 258, 360 P.2d 920 (1961). Ownership of the remainder of the interests in the property could vest in plaintiff only if he met all the requirements of adverse possession. *Id.; Witherspoon v. Brummett; Thurmond v. Espalin.* "It is not the instrument which gives the title, but adverse possession under it for the requisite period with color of title." 2 C.J.S. *Adverse Possession* § 72 at 749–50 (1972).

It is a widely accepted rule that a conveyance by one cotenant to a stranger to the title, by an instrument purporting to pass the entire title in severalty, and not merely such cotenant's individual interest, followed by an entry into actual, open, and exclusive possession by such stranger under claim of ownership in severalty, amounts to an ouster of the other cotenants, which, if continued with the necessary requisites for the statutory period, will ripen into good title by adverse possession.

3 Am.Jur.2d *Adverse Possession* § 236 at 323 (1986).

■ The question then becomes whether plaintiff proved that he met the elements of adverse possession set out in NMSA 1978, Section 37–1–22. He alleges the trial court's finding number thirty-four, that he failed to prove adverse possession, is not supported by substantial evidence. Establishing title by adverse possession requires color of title, acquired in good faith, with open, exclusive, notorious, continuous, and hostile possession, and payment of taxes for the statutory period. *See* § 37–1–22. Plaintiff must prove the statutory elements by clear and convincing evidence. *Marquez v. Padilla,* 77 N.M. 620, 426 P.2d 593 (1967). Because we find from our review of the evidence that the trial court could properly find there was not clear and convincing evidence to support plaintiff's adverse possession claim, we affirm the trial court's finding that plaintiff did not prove title by adverse possession.

A review of several relevant facts shows this. First, there was evidence that the improvements plaintiff placed on the land—a corral, a barn, and a cattle chute—were in fact not on the land in dispute, but on nearby United States Forest Service land. Second, although there was evidence plaintiff did run cattle on the land, he did not do so for the required ten-year period. It appears that the cattle were there until approximately 1960, a period of only seven years after the purported conveyance from Juan to plaintiff. Third, plaintiff testified in a deposition that the money he paid Juan and two other brothers was rent. Fourth, two years after the purported conveyance of the entire interest in the property, plaintiff split the profits of a timber sale with three of the brothers. (This timber actually was taken from Forest Service land, not the property in dispute.) Finally, the trial court apparently did not accept plaintiff's testimony as to how often he and his family used the land. The trial court determines the credibility of the witnesses, re-

solves conflicts in the evidence, and determines where the truth lies. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). From this evidence, we cannot say the trial court erred in finding there was not clear and convincing evidence that plaintiff actually, openly, notoriously, continuously, and hostilely possessed the land for the statutory period.

Because we find that the trial court properly could have decided that plaintiff did not prove adverse possession by clear and convincing evidence, it is irrelevant if certain of the trial court's findings were not supported by substantial evidence or that the trial court should have made certain findings that it refused. We, therefore, need not address those contentions in plaintiff's brief.

We deny plaintiff's request for oral argument as unnecessary. *See* SCRA 1986, 12–214. Plaintiff shall bear the costs of his appeal.

IT IS SO ORDERED.

ALARID and HARTZ, JJ., concur.