804 P.2d 412

**Loyd MALONEY, Plaintiff–Appellee,**

v.

**John E. WREYFORD,
Defendant–Appellant.**

**No. 10748.**

Court of Appeals of New Mexico.

Dec. 4, 1990.

Larry T. Thrower, Farmington, for plaintiff-appellee.

Ronald W. Henkel, Henkel & Sloan, P.C., Albuquerque, J.A. Palmer, Palmer & Frost, Farmington, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant Wreyford appeals a decision declaring that plaintiff Maloney has the right by prescriptive easement over a portion of Wreyford's property. Wreyford also appeals the award of damages. The issues on appeal are: (1) sufficiency of the evidence supporting a prescriptive easement over Wreyford's property, (2) sufficiency of the evidence supporting the width and length of the easement, and (3) appropriateness of the trial court's award of compensatory damages. Issues listed in the docketing statement and not briefed on appeal are deemed abandoned. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App. 1977). We affirm in part, and reverse in part.

## INTRODUCTION

The Leightons owned a fifty (50) acre tract of land, located north of U.S. Highway 550 east of Kirtland, New Mexico. This tract included all of the later conveyed parcels which are at issue in this case. The Leightons deeded to an intermediate party a parcel of land approximately 200' × 400', which was later conveyed to Wreyford. The Leightons also deeded to Maloney and a partner title to the 4.38–acre parcel just west of Wreyford's property. The partner later conveyed his interest to Maloney. In addition, Leighton conveyed to Maloney another 15 acres of land immediately north of the parcel Maloney owned.

Because Wreyford's parcel and Maloney's parcel were surveyed beginning at different corner posts, a 43–foot overlap in the two parcels was created. This discrepancy was carried forward in the descriptions of the tracts in question. The dispute between the parties focuses first on the question of which party held superior title to a disputed area shown as overlapping on the survey plats of the respective parties. Maloney's deed described a fifty (50) foot access, which the court held encompassed the forty-three (43) foot overlap of Wreyford's tract.

In October of 1981, the Leightons deeded to Maloney a panhandle shaped parcel, including about 15 acres to the north of the parcel deeded to Maloney in 1974. The trial court found that there was a discrepancy of approximately forty-three feet, in the deed calls of the adjoining tracts of the parties, which "when combined with the 1981 Leighton to Maloney deed description of the fifty (50) foot access surveyed from the West Quarter corner of Section 8 by distance calls, creates a forty-three (43) foot overlap of the Drolet–Wreyford tract and the Maloney tract."

The New Mexico Highway Department installed a gate at the entrance to the roadway and paved a highway turnout to the gate. Maloney chained and locked the gate and exercised control over it for a period in excess of ten (10) years.

## PRESCRIPTIVE EASEMENT

First, we address Wreyford's argument that the trial court's finding of a prescriptive easement over his property is not supported by substantial evidence. Findings of fact that are supported by substantial evidence will not be disturbed on appeal. *See Tome Land & Improvement Co., Inc. v. Silva,* 83 N.M. 549, 494 P.2d 962 (1972). If the evidence shows that the trial court's decision is based on reasonable, substantial, and probative evidence, so that it can be said that a reasonable person might have reached the same conclusion, the trial court's decision should be affirmed. *Id.* We find here that the court's decision is supported by substantial evidence.

■ In order for the trial court to grant a prescriptive easement, the plaintiff must show that he acquired the easement by a use which was "open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and [continuous] for a period of ten years with the knowledge or imputed knowledge of the owner." *Hester v. Sawyers*, 41 N.M. 497, 504, 71 P.2d 646, 651 (1937); *see also Herbertson v. Iliff*, 108 N.M. 552, 775 P.2d 754 (Ct.App.1989). Wreyford contends that plaintiff's use was neither continuous and uninterrupted nor was it with the knowledge or imputed knowledge of the owner.

■ The standard of review on appeal to a challenge of the trial court's determination that a prescriptive easement exists, is whether each element required to establish a prescriptive easement has been proven by clear and convincing evidence. *See Vigil v. Baltzley*, 79 N.M. 659, 448 P.2d 171 (1968).

■ Maloney is correct in pointing out that the terms "continuous" and "uninterrupted" are not synonymous. The term "continuous" is concerned with the behavior of the party claiming a prescriptive easement. The term "uninterrupted" deals with the behavior of the potential servient owner of the prescriptive easement. 3 R. Powell on Real Property § 413 (1990). The general requirement of continuity has been construed using a reasonable standard. *Kogod v. Cogito*, 200 F.2d 743 (D.C.Cir. 1952). Continuity is to be determined in relation to the right claimed, and is sufficient if the property is used whenever needed, if it is reasonably frequent. *Id.*

■ The evidence below includes testimony from Claudine Riddle, who was employed as a real estate broker by Maloney. Ms. Riddle testified that, at Maloney's direction between 1980 and 1985, she drove onto the roadway many times ("in the twenties") to show the property to prospective buyers. Riddle stated that the road went from the gate at the highway to the northern most boundary of the adjoining tract owned by Maloney. Additionally, Mr. Max Larson, Maloney's former partner, testified that between 1974 and 1975, he and Maloney used the road to gain access to the property. Moreover, Maloney testified that, after he bought the westerly property in February of 1974, he used the road for access along the eastern side of that property until 1986. His use varied from once a week to once a month to once every three months, as his need required. This evidence supports Maloney's use being neither infrequent nor sporadic, as argued by Wreyford.

■ An easement by prescription also requires that the use be uninterrupted by the prospective servient owner. *Hester v. Sawyers.* There is no evidence that Wreyford interrupted Maloney's use of the property until 1986, when Wreyford blocked the road. Therefore, the element that the use be uninterrupted was met.

■ Wreyford then contends that he had no knowledge of the claimed easement. The general rule is that "[i]f the user was open, adverse, notorious, peaceable, and uninterrupted, [then] the owner is charged with knowledge of such user, and acquiescence in it is implied." *Id.* at 504, 71 P.2d at 651. Therefore, in light of the aforementioned testimony and the finding that Maloney's use was continuous and uninterrupted, we find the record below supports the trial court's finding of Wreyford's imputed knowledge. Wreyford does not appeal any other elements of a prescriptive easement. We, therefore, hold that Maloney has met his burden of establishing the right to a prescriptive easement.

LIMITATIONS

■ Wreyford next argues that there is no substantial evidence supporting the easement's dimension of 43' × 400' of his property. The general rule is that the prescriptive right encompasses only the portion of the servient estate actually used. *Kaiko v. Dolinger*, 184 Conn. 509, 440 A.2d 198 (1981); *see also Beibelle v. Norero*, 85 N.M. 182, 510 P.2d 506 (1973); *Dyer v. Compere*, 41 N.M. 716, 73 P.2d 1356 (1937). Maloney contends that everyone from the common grantor forward operated on the assumption that there was a 50–foot wide roadway easement, which extended the full

400–foot length of the Wreyford parcel. Ms. Riddle and another witness, Byron Evans, testified that the roadway went to the northern most part of defendant's property. The testimony supports the easement extending the full 400 feet.

There is, however, insufficient evidence to indicate that Maloney used the full 50–foot width of the roadway. Although he understood the easement to be 50 feet wide, the evidence does not suggest that he took control of or used more than sixteen feet of the roadway. Sixteen feet was the width of the gate, which he contracted with the Highway Department to install. The evidence shows that Maloney locked this gate and controlled who was able to pass through it to use the roadway. Therefore, we reverse the trial court's finding that Maloney has the prescriptive right to use 43 feet of Wreyford's property, and hold that he has the prescriptive right to use 16 feet of Wreyford's property, and the length of the easement extends from the gate installed by the Highway Department to the northwest corner of the overlapping areas shown on the survey plats of the parties. On remand, the trial court is instructed to make a finding, with specificity, the location of the 16′ easement.

Wreyford also contends that the prescriptive easement should be limited in the extent of its use. The rule is that the extent of a prescriptive easement is established by its historical usage. *Twin Peaks Land Co., Inc. v. Briggs*, 181 Cal. Rptr. 25, 130 Cal.App.3d 587 (1982). As observed by R. Powell, *Law of Real Property*, Section 416, Vol. 3 (1990), at pages 34–207, –209:

> "In determining whether a specific use is within the pattern of the establishing uses, courts consider (1) their similarity or dissimilarity of purpose; (2) their respective physical attributes; and (3) the relative burden caused by them upon the servient parcel." [footnotes omitted].

The trial court could properly find from the evidence that the current use and nature of the easement was not significantly dissimilar from the historical pattern of use. Wreyford claims that Maloney's prop-

erty now has a residence, which requires a substantially greater use and burden on the easement. It was shown at trial that Maloney had used the roadway to gain access to his property for diverse purposes. This is evidence of a general use establishing a general right. The use of the roadway to Maloney's residence is not materially inconsistent with the previous historic general use of the roadway. Although we agree with defendant that the character and extent of prescriptive easements are determined by the use under which the easement was acquired, *Haines v. Galles*, 76 Wyo. 411, 303 P.2d 1004 (1956), here, where plaintiff and others used easement to provide vehicular access to adjoining property, continued use of the easement to obtain access to a residence constructed on adjoining property did not constitute a material change in the nature or character of the use. *See Firebaugh v. Boring*, 288 Or. 607, 607 P.2d 155 (1980). *See generally*, Anno., "Extent of, and Permissive Variations In, Use of Prescriptive Easements of Way." 5 A.L.R.3d 439 (1966). Therefore, we affirm the ruling of the trial court as to the general use of the easement.

## DAMAGES

Finally, Wreyford challenges the trial court's finding of fact and conclusion of law that Maloney was entitled to compensatory damages in the amount of $3,007.07 and costs in the amount of $122.00. We note, however, that this issue was not raised in the docketing statement. Issues not raised in the docketing statement may not now be raised for the first time in the Brief–in–Chief. SCRA 1986, 12–208; *DeTevis v. Aragon*, 104 N.M. 793, 727 P.2d 558 (Ct.App.1986); *Romero v. Romero*, 101 N.M. 345, 682 P.2d 201 (Ct. App.1984). Moreover, a motion to amend the docketing statement was not filed. In addition, Wreyford does not support his argument with any authority. To present an issue on appeal for review, an appellant must support his argument with authority. *In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984). It should be noted that the supreme court, in *Gallegos v. Citizens*

**226**

*Ins. Agency,* 108 N.M. 722, 779 P.2d 99 (1989), indicates that this court has discretion in refusing to review issues not in the docketing statement. This case falls under the rule set out in *DeTevis* and *Romero.* The issue will not be considered.

The judgment is affirmed, except as to the width of the easement. In view of this court's holding on this issue, the trial court is instructed to establish a centerline for the 16–foot wide easement. Hence, this cause is remanded to the trial court for entry of judgment consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.