852 P.2d 683

**Robert SCHOLES and Catherine Scholes, Plaintiffs–Appellees,**

v.

**POST OFFICE CANYON RANCH, INC., William C. Miller, Sr., Adeline Miller, William C. Miller, Jr., and Carol Miller, Defendants–Appellants.**

**No. 12260.**

Court of Appeals of New Mexico.

July 6, 1992.

Grove T. Burnett, Steven Sugarman, Glorieta, for plaintiffs-appellees.

Steven L. Tucker, Jones, Snead, Wertheim, Rodriguez & Wentworth, P.A., Santa Fe, for defendants-appellants.

## OPINION

BIVINS, Judge.

Defendants appeal from an order and judgment finding Plaintiffs the owners of a prescriptive easement over Defendants' property for the purpose of access to Plaintiffs' home. The sole issue raised is whether, as a matter of law, a presumption of adverse use can arise where the claimed prescriptive easement traverses large, open, and unenclosed private lands (referred to as the "neighbor accommodation

exception"). We hold that, under the circumstances of this case, the neighbor accommodation exception does not apply, and, therefore, affirm the district court. We make that determination not only on the basis of the district court's unchallenged findings, but also on Defendants' failure of proof.

## A. FACTUAL BACKGROUND

Defendants do not challenge the facts found, only the law as applied to those facts. Defendants operate a nine to ten thousand acre ranch located in Hidalgo County, New Mexico, and Cochise County, Arizona. In the early 1970s, Plaintiffs acquired approximately five thousand acres of land adjoining Defendants' ranch on the east. Plaintiffs constructed improvements on their property, including a home. From January 1973 until they received a letter from Defendants' attorney in November 1987, Plaintiffs accessed their ranch from Highway 80 in Cochise County, Arizona, over a road that passes through land owned by a third party in Arizona, and then through Defendants' ranch. Defendants use the same road for access to their property.

In November 1987, Plaintiffs received a letter from Defendants' attorney stating that permission to use the road would be revoked effective January 1, 1988. Plaintiffs filed suit seeking declaratory and injunctive relief as a result of that action. The district court ruled in favor of Plaintiffs finding that they had acquired a prescriptive easement over Defendants' land.[1]

## B. DISCUSSION

### 1. Standard of Review

On appeal, we review the challenge to a court's determination that a prescriptive easement exists by determining "whether each element required to establish a prescriptive easement has been proven by clear and convincing evidence." *Maloney v. Wreyford,* 111 N.M. 221, 224, 804 P.2d 412, 415 (Ct.App.1990). Plaintiffs

were required to prove that they acquired the easement by a use which was " 'open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and [continuous] for a period of ten years with the knowledge or imputed knowledge of the owner.' " *Id.* (quoting *Hester v. Sawyers,* 41 N.M. 497, 504, 71 P.2d 646, 651 (1937)).

### 2. Adverse Use Requirement

The only element challenged by Defendants is whether Plaintiffs' use was adverse. Defendants presented a two-pronged permissive use argument below. First, Defendants claimed that they granted Plaintiffs express permission at the time Plaintiffs acquired their property, and later acknowledged the permissive use by providing Plaintiffs with matching keys to locks on gates crossing the roadway. Second, Defendants claimed that Plaintiffs' use was permissive under the neighbor accommodation exception recognized in *Hester,* 41 N.M. at 504–05, 71 P.2d at 651. *See generally* 3 Richard R. Powell, *The Law of Real Property* ¶ 413, at 34–111 (1992) ("Permission may be inferred from neighborly relation of the parties.").

#### a. Express Permission

With respect to express permission, the district court resolved that fact issue against Defendants. We do not understand Defendants to challenge the sufficiency of the evidence that support the findings of no express permission. Defendants base their appeal on the neighbor accommodation exception, which they contend applies as a matter of law. We now address that question.

#### b. The Neighbor Accommodation Exception

Plaintiffs contend on appeal that "[i]n the absence of proof of express permission, the general rule is that the use will be presumed to be adverse under claim of right." *Village of Capitan v. Kaywood,*

---

1. Because only portions of the road cross Defendants' deeded lands, the district court carefully avoided declaring an easement for access over

lands owned by the federal and state government, or over land in Arizona.

96 N.M. 524, 525, 632 P.2d 1162, 1163 (1981). There is an exception to this presumption, however, under *Hester,* where the "claimed right-of-way traverses large bodies of open, unenclosed, and sparsely populated privately-owned land." *Id.*

### (i) Proof of Open and Unenclosed Land

█ Defendants argue that the presumption of adversity does not apply because the neighbor accommodation exception concerning open and unenclosed lands controls, and claim that because Plaintiffs have failed to prove that the land is anything other than open and unenclosed, they cannot invoke the presumption of adverse use. We disagree. Defendants cannot claim that an exception applies because Plaintiffs failed to prove that the facts required for the exception do not exist. We hold that Defendants have the burden of producing evidence that the exception to the presumption of adverse use is applicable because Plaintiffs produced evidence that entitled them to the benefit of the rule that their use was presumed to be adverse under claim of right. *Id.; see also Schultz v. Kant,* 148 Ill.App.3d 565, 101 Ill.Dec. 764, 769, 499 N.E.2d 131, 136 (1986) (landowner's contention that use of road was permissive because the land was vacant and unenclosed failed where landowner could not prove that the land was vacant and unenclosed), *appeal denied,* 113 Ill.2d 585, 106 Ill.Dec. 56, 505 N.E.2d 362 (1987); *Ruchti v. Monroe,* 83 Wis.2d 551, 266 N.W.2d 309, 313 (1978) (where landowner failed to show facts which would support his theory of permissive use—that his lands are open and unenclosed—summary judgment was proper); *see also* SCRA 1986, 11–301 ("[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption....").

█ It follows, therefore, that Defendants had the burden of producing evidence that their property was a large body of privately-owned land which is open and unenclosed. The district court did not find, nor were they requested to find, that Defendants' property is large, open, and unen-

closed. In fact, Defendants concede that although "[t]he record is not clear, ... it may be assumed that the pastures were fenced, since the use of gates and cattleguards is consistent only with the use of adjoining fences." New Mexico law is clear that the neighbor accommodation exception set forth in *Hester* is inapplicable to fenced land. *See Vigil v. Baltzley,* 79 N.M. 659, 661, 448 P.2d 171, 173 (1968); *Mutz v. Le Sage,* 61 N.M. 219, 220, 297 P.2d 876, 877 (1956); *see also Ruchti,* 266 N.W.2d at 313 (land which was fenced, developed for agricultural purposes, and occupied was not open and unenclosed for purposes of the rule). We hold, therefore, that Defendants failed to meet their burden of producing evidence that the neighbor accommodation exception applies.

### (ii) Application of the Neighbor Accommodation Exception

█ Even if Defendants had shown that their land was open and unenclosed, we do not believe that the neighbor accommodation exception is applicable to the present case. The district court concluded that this exception was inapplicable because there was no way for Plaintiffs to use the road without passing Defendants' home; therefore, the use of the road should have been apparent to Defendants. In light of the policies supporting the neighbor accommodation exception, we agree, and affirm the decision of the district court.

In *Hester,* the court stated that "[i]n this state, where large bodies of privately owned land are open and uninclosed, it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation...." 41 N.M. at 504–05, 71 P.2d at 651. The supreme court in *Maestas v. Maestas,* 50 N.M. 276, 175 P.2d 1003 (1946), limited the neighbor accommodation exception to "large bodies of unenclosed land ... where the owners thereof could not reasonably know of passings over said lands." *Id.* at 279–80, 175 P.2d at 1006; *see Matsu v. Chavez,* 96 N.M. 775, 779, 635 P.2d 584, 588 (1981) (recognizing *Maestas* limitation of *Hester*); *Sanchez v. Dale Bellamah*

*Homes, Inc.,* 76 N.M. 526, 529, 417 P.2d 25, 28 (1966) (same); *see also Ruchti,* 266 N.W.2d at 313 ("The obvious rationale for distinguishing wild lands from improved, occupied lands is that fairness to the land-owner requires that he have notice of the prescriptive use of his land by others."). Indeed, the *Hester* court itself explained that "it would be against reason and justice to hold that a person so using a way over lands could acquire any permanent right, *unless* his intention to do so was known to the owner, or so plainly apparent from his acts that knowledge should be imputed to him." 41 N.M. at 505, 71 P.2d at 651 (emphasis added). Because it is undisputed that Defendants either knew or should have known of Plaintiffs' continuous use of the road, and in light of the surrounding circumstances, we hold that the neighbor accommodation exception does not apply to the facts of this case.[2]

In addition, we note that *Maestas* is factually similar to this case. In *Maestas,* the court refused to apply the neighbor accommodation exception where the strip of land involved was adjacent to defendants' domicile and used daily by plaintiff for the prescriptive period. *See* 50 N.M. at 280, 175 P.2d at 1006. Similarly, in the present action, there was no way for Plaintiffs to use the road in question without passing Defendants' home. *See also Pasley v. Hainline,* 272 Ky. 404, 114 S.W.2d 472, 473 (1938) (distinguishing between unenclosed woodland and cleared land close or contiguous to a residence or barn); *Leekley v. Dewing,* 217 Md. 54, 141 A.2d 696, 698 (1958) (explaining that some courts refuse to apply the neighbor accommodation exception to a road passing near a barn or residence).

To apply *Hester* in the manner suggested by Defendants, that is, to rebut the presumption of adverse use whenever large tracts of land are involved, regardless of the surrounding circumstances, would have the exception swallow the rule. We believe

that the nature and extent of the use made, in light of the property owner's knowledge of the particular circumstances of use, should be considered. *See, e.g., Friend v. Holcombe,* 162 P.2d 1008, 1010 (Okla.1945) (where use constitutes an inconvenience or annoyance to the owner and owner permits use for the requisite period without attempting to interfere, his action will be taken as acquiescence as opposed to public travel through unimproved lands which may not raise any presumption of a grant); *Kruvant v. 12–22 Woodland Ave. Corp.,* 138 N.J.Super. 1, 350 A.2d 102, 112–13 (Ct. Law Div.1975) (distinguishing casual use by the public involving little practical inconvenience from daily use by the same individuals), *aff'd,* 150 N.J.Super. 503, 376 A.2d 188 (Ct.App.Div.1977).

Because we agree with the district court that the neighbor accommodation exception does not apply to the facts in this case, we affirm the judgment of the district court.

**IT IS SO ORDERED.**

MINZNER and CHAVEZ, JJ., concur.

---

**2.** We note that some awareness of use must be contemplated in furthering the goal of "advanc[ing] friendly relations, good neighborliness and sociability between people living in sparsely settled or rural areas," *see Castillo v.*

*Tabet Lumber Co.,* 75 N.M. 492, 495, 406 P.2d 361, 363 (1965); however, we do not believe that the neighbor accommodation exception applies to the type of use we presently consider.