Robert STARKS, Plaintiff–Appellee,

v.

Randolph "Duke" WHITE,
Defendant–Appellant,

and

William Logan; Dave Cordova; John Doe, and Other Unknown and Similarly Situated Persons Acting in Concert with the Above Named Parties, Defendants.

No. 01–2309.

United States Court of Appeals,
Tenth Circuit.

Oct. 17, 2002.

Richard C. Civerolo, Lisa E. Pullen, Civerolo, Gralow & Hill, Albuquerque, NM,

Janice M. Ahern, Canepa & Vidal, PA, Charlotte H. Hetherington, Cuddy, Kennedy, Hetherington, Albetta & Ives, Santa Fe, NM, for Plaintiff–Appellee.

Randolph "Duke" White, Mesita, CO, for Defendant–Appellant.

Before MURPHY, ANDERSON and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT[*]

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This action was initiated by Robert Starks, fee simple owner of property called Ute Mountain Ranch in Taos County, New Mexico, in an effort to enjoin certain trespassers from coming onto his property and to quiet title to the land. He also sought damages for the destruction of his fences and the diminution of his property's value. Defendants initially included three named defendants and the Ghost Clan of the Native American Church. The Clan was subsequently dismissed and the Secretary of the Interior added because of a scenic easement granted to the United States (Bureau of Land Management) by a previous landowner.

Multiple complaints, answers, counterclaims, as well as numerous motions, both procedural and dispositive, were filed during the course of this litigation. We need not review each in detail, inasmuch as the parties are intimately familiar with one another's arguments. Prior to trial, Starks settled with the Bureau of Land Management and the individual defendants except White, who proceeds pro se. The district court granted summary judgment in favor of Starks on White's claim of adverse possession and a private prescriptive easement. Following a bench trial, the court entered judgment for Starks on the remaining claims. We have jurisdiction, and we affirm.

## I. BACKGROUND

In 1995 Starks purchased the Ute Mountain Ranch, consisting of approximately 15,000 acres of mostly wild and uninhabited land. The property was subject to a scenic easement which borders the Costilla Creek and Rio Grande River Gorges, south of and adjoining the New Mexico/Colorado state line. Prior to Starks's purchase of the property, Ute Mountain Ranch was open and unfenced. Local residents had used the area for recreational purposes, and White had picnicked and camped on the property. White also claimed to have conducted religious meetings and ceremonies as part of his connection to the Ghost Clan of the Native American Church.

Shortly after purchasing the property, Starks discovered a number of slaughtered deer on the ranch. This prompted him to construct a barbed wire fence along the northern boundary of the property. Defendant White and others cut the fence a number of times, expressly for the purpose of entering the ranch. Fence posts were also taken. Eventually some or all of the individual defendants erected their own locked gate at the entrance to a ranch road called Old Road. Defendants claimed they

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

had the right to access the property based on several legal theories, chiefly prescriptive easements, easement by necessity, adverse possession, and the existence of a public highway.

In October of 1999, the district court granted partial summary judgment to Starks on White's counterclaims of adverse possession and private prescriptive easement. Specifically, the court found that White had failed to establish the elements of adverse possession under New Mexico law, which requires "color of title, acquired in good faith, with open, exclusive, notorious, continuous, and hostile possession, and payment of taxes for the statutory period [of ten years]." Aplee. Br., Attach. A at 6 (quoting *Castellano v. Ortega*, 108 N.M. 218, 770 P.2d 540, 541 (1989)). The court also determined that White could not claim both a private and a public prescriptive easement because findings of private and public use are inconsistent. The court noted there was undisputed evidence of public use in this case. *Id.* at 4. The court also held that White could not establish the existence of a public road created by state law or maintained by the corporate authority of a New Mexico county. *See* N.M. Stat. Ann. § 67–2–1 (listing methods for establishing public highways).

The court denied Starks's motion for summary judgment on White's claims of a public prescriptive easement, public highway established by implied dedication, and creation of an easement by necessity. Aplee. Br., Attach A at 3–9. These issues were tried to the court in November of 2000 and resolved in favor of Starks by the court's Findings of Fact and Conclusions of Law entered July 2, 2001, Amended Judgment filed September 20, 2001, and

Judgment, Decree and Entry of Permanent Injunction entered October 30, 2001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## II. Appeal Deficiencies

White has failed to clearly set forth the precise issues he would raise on appeal. In addition he has not furnished us with specific references to the voluminous record amassed in this case, nor has he provided this court with the trial transcript. Finally, he has violated the rule requiring him to cite legal authority in support of his arguments. *See Phillips v. Calhoun*, 956 F.2d 949, 953–54 (10th Cir.1992). Thus our review of this matter is considerably hampered, and, consequently, necessarily limited. We will not sift through the record to find support for White's arguments, *see SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), nor will we craft his arguments for him. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n. 13 (10th Cir.1999). "[A]n appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

## III. Standards of Review

With these principles in mind, we review the district court's findings of fact for clear error and its legal conclusions de novo, bearing in mind that the underlying dispute is governed by New Mexico law. *See Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir.2001) (reviewing factfindings for clear error and legal conclusions de novo in appeal from bench trial); *Salve Regina Coll. v. Russell*,

1. We reject Starks's argument that we lack jurisdiction over the October 30, 2001 judgment. White's notice of appeal, filed October 4, 2001, falls within the coverage of Fed. R.App. P. 4(a)(2) (treating notice of appeal filed after decision but before judgment as filed on date of and after entry of judgment).

499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (reviewing de novo district court's rulings on issues of state law). With regard to issues determined on summary judgment, "[w]e review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex. rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.1999).

## IV. Analysis

### A. Private Prescriptive Easement

■ White alleges the district court erred in granting summary judgment against him on his private prescriptive easement claim in favor of allowing him to proceed on the claim of a public prescriptive easement. He appears to argue that because several of his witnesses testified that they personally had used roads on the Ute Mountain Ranch, he has established the existence of one or more private prescriptive easements. To the contrary, this testimony merely reinforces the district court's determination that there was evidence of public use.[2] A finding that the general public has used the road is inconsistent with the conclusion that a private prescriptive easement has been established. *Luevano v. Maestas*, 117 N.M. 580, 874 P.2d 788, 796 (1994) (following *Garmond v. Kinney*, 91 N.M. 646, 579 P.2d 178, 179 (1978)). This is further supported by White's insistence that one or more of the ranch roads are in fact public roads. *See Trigg v. Allemand*, 95 N.M. 128, 619 P.2d 573, 579 (1980) (describing private ways as class of easements in which particular person or class of persons have interest or right distinguished from general public and public ways as ways

every citizen has right to use). The district court therefore correctly restricted the claim at trial to whether a public prescriptive easement had been established.

■ The next issue is whether the district court erred in determining that White had failed to establish the elements of a public prescriptive easement under New Mexico law. Such an "easement is acquired by an open, uninterrupted, peaceable, notorious, adverse use, under a claim of right, and continued for a period of ten years with the knowledge, or imputed knowledge of the owner." *Sanchez v. Dale Bellamah Homes of N.M., Inc.*, 76 N.M. 526, 417 P.2d 25, 27 (1966) (citing *Hester v. Sawyers*, 41 N.M. 497, 71 P.2d 646 (1937)). Each element required to establish a prescriptive easement must be proved by clear and convincing evidence. *Scholes v. Post Office Canyon Ranch, Inc.*, 115 N.M. 410, 852 P.2d 683, 684 (1992).

White bases his easement claim primarily on use for a period of ten years with the knowledge, actual or imputed, of the owners of Ute Mountain Ranch. New Mexico courts have held that "[i]n the absence of proof of express permission, the general rule is that the use will be presumed adverse under claim of right." *Id.* (further quotations omitted). An exception to this presumption, however, is the neighbor accommodation principle applicable "where large bodies of privately owned land are open and unenclosed, [because] it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation and convenience...." *Hester*, 71 P.2d at 651. Under such circumstances, it would be unjust and unreasonable for a person using a way over lands to acquire any permanent right

---

**2.** Indeed, White has testified that many people have used the Ute Mountain Ranch roads.

*See* Aplee. Supp. App., Vol. I at 157.

"unless his intention to do so was known to the owner, or so plainly apparent from acts that knowledge should be imputed to him." *Id.* Furthermore, what begins as "permissive use does not become adverse until a distinct and positive claim of right hostile to the owner is brought home to the owner by claimant's words or action." *Castillo v. Tabet Lumber Co.,* 75 N.M. 492, 406 P.2d 361, 362 (1965). And, "[a] prescriptive right cannot grow out of a strictly permissive use, no matter how long the use." *Hester,* 71 P.2d at 651.

Here, the land in question is largely open range, which was unfenced until 1996. No prior owner has ever resided on or developed the property. No witness had seen anyone claiming to be the owner, and White himself testified that for some time he did not know who owned it. R. Vol. V at 24–25. His claim that the owners had knowledge the roads were being used is based on the fact that there are existing maps showing one or more of the ranch roads. That a map might depict a particular road, however, is only one factor to be considered. *See Luchetti v. Bandler,* 108 N.M. 682, 777 P.2d 1326, 1330 (1989) (citing *Sanchez* for proposition that depiction of road on United States Geological Survey map was only one factor in charging landowner with knowledge of road); *Jicarilla Apache Tribe of N.M. v. Bd. of County Comm'r,* 116 N.M. 320, 862 P.2d 428, 438 (1993), *rev'd on other grounds,* 118 N.M. 550, 883 P.2d 136 (1994) (same).

In considering the matter of road usage, the district court relied on evidence and testimony concerning the visibility of the road's prior use as shown on various aerial photographs, which were consistent with road use by prior owners and family members of guests. The court further found that visible use of the roads had diminished sufficiently over time as to be inconsistent with the required open, continuous, and notorious use by the general public. The court also found that the view of the nearest neighbor of any possible activities on the road was blocked by Ute Mountain itself as further support of the nonvisibility of road use. White does not challenge the factual accuracy of these findings by direct and contrary citations to the record. *See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1540 n. 3 (10th Cir.1996) (declining to consider issue where appellant failed to provide specific record references). For these and the reasons set forth in the district court's July 2, 2001, Findings of Fact and Conclusions of Law, White therefore failed to meet his burden of establishing by clear and convincing evidence the elements of a public prescriptive easement over any of the Ute Mountain Ranch roads.

### B. Public Highway by Implied Dedication

■ The district court also held that White had failed to prove the implied dedication of a public highway, the essential elements of which are "acts by the landowner that induced the belief the landowner intended to dedicate the road to public use, the landowner was competent, the public relied on the acts and will be served by the dedication, and there was an offer and acceptance of the dedication." *Luevano,* 874 P.2d at 794. "The theory of implied dedication ... rests on the presumption of an intent on the part of the landowner to devote his property to public use." *Id.* (further quotation omitted). Specifically, the district court concluded that no implied dedication had been shown because there was no evidence that any public body had accepted or maintained any route or trail within the ranch. In his appellate brief, White argues that the district court lacked jurisdiction over the abandonment of roads as provided for in N.M. Stat. Ann. § 67-2-6. He does not,

however, challenge the district court's application of the *Luevano* requirements to the facts of this case as failing to establish the existence of a public highway. Abandonment of a public highway cannot occur if there has never been one in the first place.

### C. Public Easement by Necessity

Finally, the district court determined that White had failed to prove the necessary elements for a public easement by necessity. White does not specifically challenge this ruling on appeal, and we therefore deem it waived. *See Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1168–69 (10th Cir. 2002) (deeming argument waived for failure to brief).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.