This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40777**

**DANETTE L. MARTINEZ,**

Plaintiff/Counterdefendant-Appellee,

v.

**MICHAEL MARTINEZ,**

Defendant/Counterplaintiff-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Christopher M. Grimmer Attorney at Law, LLC
Christopher M. Grimmer
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Michael Martinez appeals the district court's final judgment granting declaratory relief and a permanent injunction for Plaintiff Danette Martinez establishing an easement on Defendant's property. Defendant claims the district court's finding that the easement measured twenty-six-feet in width was not supported by substantial evidence.[1] We hold that the district court's finding that the easement measured twenty-

---

[1]Defendant also contends that the district court erred by applying the law of abandonment, but provides no argument as to why the district court erred upon finding that "the evidence does not establish that Plaintiff ever intended to abandon all or part of the twenty-six foot (26') wide Prescriptive Easement."

six feet wide during the ten-year prescriptive period is supported by substantial evidence and affirm.

**BACKGROUND**

**{2}** The parties do not contest the following facts. Plaintiff owns real property (Parcel B) in Rio Arriba County that lies immediately east of a tract of land (Tract 3 (East)) owned by Defendant. John Montoya conducted a survey in 1999, which indicated an "[e]xisting [d]riveway" between Parcel B and Tract 3 (East) that measured 39.73 feet (39.73') wide. Plaintiff has a prescriptive right to cross Track 3 (East) over "a portion of" the existing driveway to enter and exit Parcel B by vehicle. This driveway includes the prescriptive easement in question.

**{3}** There are two gates where the driveway crosses into Parcel B that have been there since at least 1985. The gates hang on two metal posts that are set in concrete on Parcel B, and the posts are twenty-six feet apart. Plaintiff and her predecessors in interest drove vehicles through the gates since 1979.

**{4}** This dispute arose after Defendant placed metal fence posts on his property that blocked Plaintiff's access to Parcel B. Plaintiff filed suit to have the driveway declared an easement and to enjoin Defendant from obstructing the same. Thereafter the parties stipulated that Plaintiff had established a prescriptive easement to cross Defendant's property (Parcel B) for purposes of ingress and egress to and from Plaintiff's property (Tract 3 (East)), but disputed the size and location of the easement.

**{5}** The district court held a bench trial on the issue and incorporated evidence from earlier evidentiary hearings. Throughout the proceedings, Plaintiff presented evidence that she and her brother used the easement from 1979 on, and that the easement itself was as wide as the two gates for much of that time. Plaintiff testified that her brother had moved a twelve-foot wide trailer onto the property through the gates, and that he had lived there between 1979 and 2015 when he passed away. She noted that the width of the driveway had deteriorated in recent years. Plaintiff's husband testified he had used the easement since 1985 and that the easement was as wide as the two gates at that time. Finally, Clyde Vigil testified on Defendant's behalf about a survey he had conducted in 2005, in which he determined that the easement varied between eight and ten feet in width across the entire length of the easement. Mr. Vigil also believed that the gateposts were between fifteen and twenty feet apart based upon his survey map. Defendant presented no evidence regarding the dimensions of the easement between 1979 and 2005.

---

Defendant does not explain how the doctrine of abandonment or the evidence related to the finding that no abandonment occurred had any impact on the overall outcome of the case. We therefore decline to review Defendant's unclear and undeveloped argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

**{6}** Following the trial, the district court concluded that, based upon historical use, the width of the prescriptive easement was equivalent to the distance between the two gates—twenty-six feet.

## DISCUSSION

**{7}** We review the district court's factual findings for substantial evidence. *McFarland Land & Cattle v. Caprock Solar 1, LLC*, 2023-NMSC-018, ¶ 8, 533 P.3d 1078. "Substantial evidence is relevant evidence that a reasonable mind would find adequate to support a conclusion." *Sitterly v. Matthews*, 2000-NMCA-037, ¶ 22, 129 N.M. 134, 2 P.3d 871. "If the evidence shows that the [district] court's decision is based on reasonable, substantial, and probative evidence, so that it can be said that a reasonable person might have reached the same conclusion, the [district] court's decision should be affirmed." *Maloney v. Wreyford*, 1990-NMCA-124, ¶ 6, 111 N.M. 221, 804 P.2d 412. "[I]t is for the finder of fact, and not for reviewing courts, to weigh conflicting evidence and decide where the truth lies." *Algermissen v. Sutin*, 2003-NMSC-001, ¶ 9, 133 N.M. 50, 61 P.3d 176. Relatedly, the question for the reviewing court "is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted).

**{8}** Here, the parties agree that Plaintiff established a prescriptive easement, which "is created by an adverse use of land, that is open or notorious, and continued without effective interruption for the prescriptive period (of ten years)." *Algermissen*, 2003-NMSC-001, ¶ 10. Defendant only contests the district court's finding that the prescriptive easement measured twenty-six feet in width, arguing that substantial evidence would have supported a finding that the easement used by Plaintiff only measured eight to ten feet at the time of the most recent survey in 2005. Defendant therefore requests we "[r]everse the district court and remand the case . . . with instructions to reduce the size of the easement to [eight to ten] feet."

**{9}** "The general rule is that the prescriptive right [to an easement] encompasses only the portion of the servient state actually used." *Maloney*, 1990-NMCA-124, ¶ 13. "[T]he character and extent of prescriptive easements are determined by the use under which the easement was acquired." *Id.* ¶ 16. Here, Plaintiff testified that she had consistently used the easement for ingress and egress onto Parcel B between 1979 and 1989, and that the entire easement had measured the same width as the two gates during that period. Plaintiff's husband also testified that he had used the easement to access Parcel B through the gates since 1985, and that the easement measured the width of the two gates. A survey conducted in 1999 also indicated that the existing driveway between Parcel B and Tract 3 (East) measured 39.73 feet wide.

**{10}** Although Defendant presented testimony that another surveyor had concluded the easement only measured eight to ten feet wide in 2005, the evidence shows that Plaintiff had already established a wider easement over a ten-year prescriptive period. Both Plaintiff's testimony and that of her husband show that the easement was at least

twenty-six feet wide between 1979 and 1989, and as much as thirty-nine feet wide in 1999. Further, Plaintiff stated that her brother had moved a twelve-foot wide trailer onto the property through the gates in or around 1979, meaning that the easement must have been wider than ten feet at that time. Moreover, Defendant failed to present any evidence that the easement measured less than twenty-six feet wide prior to 2005. We conclude that the district court had substantial evidence to find that the easement, as used, measured the width between the two gates.

**CONCLUSION**

**{11}** For the foregoing reasons, we affirm the declaratory relief and permanent injunction with regards to the measurement of the easement.

**{12} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**